## THE STATE v. CLARK, *Appellant.*

### Division Two, May 12, 1896.

Criminal Practice: ELECTION LAWS: STATUTE: INDICTMENT. An indictment founded on Revised Statutes, 1889, section 3748, charging defendant with having unlawfully and knowingly received and placed in the ballot box as judge of the election two hundred ballots and papers which had not been legally voted by qualified voters, but which does not particularize any of the ballots claimed to have been fraudulently voted, is insufficient. (*State v. Krueger, ante,* p. 262, followed.)

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*J. J. Williams* and *I. B. Kimbrell* for appellant.

*R. F. Walker*, attorney general, *W. T. Jamison*, prosecuting attorney, *G. A. Neal*, and *R. E. Ball* for the state.

BURGESS, J.—Defendant and others were indicted in the criminal court of Jackson county, Missouri, charged with election frauds, under section 3748, Revised Statutes, 1889. At the September term, 1895, he was tried and convicted, and his punishment fixed at imprisonment in the county jail for a period of nine months, and a fine of $300. From the judgment he appealed.

At the general election held on the sixth day of November, 1894, in the state of Missouri, for the purpose of electing state, county, and township officers,

defendant was one of the judges at said election for precinct 5 of the second ward of Kansas City, county and state aforesaid, and while acting in the capacity of such judge the first count in the indictment charges that he did "then and there unlawfully, willfully, knowingly, fraudulently, corruptly, and feloniously, willfully and knowingly receive and place in the ballot boxes at said election and voting precinct, ballots and papers purporting to be ballots, to wit: Two hundred thereof, which had not then and there been legally voted by qualified voters, voting at said election and voting precinct, for the purpose then and there to change the lawful result of said election at said election and voting precinct," etc.

In the next count the indictment charges that as such judge, "he did then unlawfully, willfully, knowingly, fraudulently, corruptly, and feloniously aid, assist, and assent to the placing in the ballot box at said election and voting precinct, ballots and papers. purporting to be ballots, to wit: Two hundred thereof, which had not then and there been legally voted by qualified voters, voting at said election and voting precinct, for the purpose then and there to change the lawful result of said election, at said election and voting precinct, unlawfully," etc.

The indictment does not in any way individuate any one or more of the ballots alleged to have been fraudulently voted and is in this respect a counterpart of the indictment in *State v. Krueger, ante,* p. 262. It is assailed by motion to quash, and also by motion in arrest, and must for the reasons given in that case be held to be insufficient. The judgment is reversed, and the cause remanded. All of this division concur.