THE STATE v. SANDERS, Appellant.

Division Two, November 27, 1900.

**Indictment: "UNDER OATH."** An indictment for murder is bad which fails to state that the grand jurors "under their oath" do say that the defen ant did feloniously, etc., kill and murder, etc. It is necessary that the indictment state, "And so, the grand jury *upon their oath,* do say."

Appeal from Carter Circuit Court.—*Hon. J. L. Fort*, Judge.

REVERSED AND REMANDED.

*John G. Wear* and *George D. Tinch* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

GANTT, P. J.—At the November term, 1898, of the circuit court of Butler county, the defendant was indicted for the murder of John E. Dacus. He was tried and convicted of murder in the second degree.

He appeals to this court. The only question for decision is the sufficiency of the indictment, which is in the words and figures following, omitting the caption:

"The grand jurors for the State of Missouri, empannelled, sworn and charged to inquire within and for the body of the county of Butler and State aforesaid upon their oath present and charge that Alexander Sanders, on the second day of July, 1898, at the county of Butler and State of Missouri, in and upon one John E. Dacus then and there being feloniously, willfully, deliberately, premeditatedly and of his malice aforethought did make an assault and a certain pistol, a deadly weapon, which was then and there loaded with gunpowder and leaden bullets, by him, the said Alexander Sanders, held in the hand of the said Alexander Sanders, did then and there feloniously, willfully, deliberately, premeditatedly and of his malice aforethought shoot off and discharge at and upon him, the said John E. Dacus, thereby and then stricking the said John E. Dacus with one of said leaden bullets, inflicting on and in the abdomen of his body one mortal wound of the diameter of one-half inch and the depth

of six inches, and of which said mortal wound John E. Dacus, from the second day of July in the year aforesaid, until the third day of July, in the year aforesaid, at the city of Poplar Bluff, in the county aforesaid, did languish, and languishing did live, on which said third day of July, in the year aforesaid, the said John E. Dacus, at the city of Poplar Bluff, in the county aforesaid, of the mortal wound aforesaid, died; and so the grand jurors aforesaid, do say that the said Alexander Sanders him, the said John E. Dacus, in the manner and by the means aforesaid, feloniously, willfully, unlawfully, deliberately, premeditatedly and of his malice aforethought did kill and murder, against the peace and dignity of the State."

The indictment is bad in that it fails to state that the grand jurors *"upon their oath"* charge the defendant with murder.

Under our Bill of Rights, article 2, section 12, of the Constitution of Missouri, 1875, "No person shall, for felony, be proceeded against criminally otherwise than by indictment except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger."

In Ex parte Slater, 72 Mo. 102, this court ruled that an indictment under the Constitution of this State means just what it did at common law.    In State v. Meyers, 99 Mo. 116, this court further held that while the legislature may change its form, it can not change its substance without impinging upon constitutional guarantees.    At common law, it was essential that the indictment should state, "And so, the grand jurors *upon their oath,* do say," etc.    [Heydon's Case, 4 Coke, 41b; 3 Chitty's Crim. Law, 750; Wharton's Homicide, sec. 849.]

In State v. Furgerson, 152 Mo. loc. cit. 98, this court, by BURGESS, J., said:

"The second count is also bad for the reason that it does not conclude that the 'grand jurors upon their oaths do say,' but concludes as follows: 'So the grand jurors aforesaid, do say that the said Wm. Furgerson, him, the said Stephen G. Wilson, in the manner and by the means, etc., did murder,' instead of alleging that 'the grand jurors aforesaid, *upon their oaths do say,*' etc."

It follows that the motion in arrest should have been sustained and the court erred in not so doing.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Sherwood* and *Burgess, JJ.*, concur.