THE STATE v. JESSE COOK and ROY FROGGE, Appellants.

Division Two, November 18, 1902.

1. **Indictment Under the Constitution.** An indictment under the Missouri Constitution means just what it did at common law.

2. ————: MURDER: OMISSION OF "UPON THEIR OATH." It is necessary that the indictment say, "and the grand jurors, or the jurors aforesaid, *upon their oath*," do say, etc. And if these words, "upon their oath," are omitted, the indictment charges only manslaughter, and is not sufficient to sustain a conviction of murder.

3. **Panel in Cities of Over 100,000.** The panel in cities of over

100,000 inhabitants should contain 47 men, and the Supreme Court takes notice that St. Joseph is a city of over 100,000 inhabitants by the last census of the United States.

Appeal from Buchanan Criminal Court.—*Hon. Benj. J. Casteel,* Judge.

REVERSED AND REMANDED.

*W. B. Norris* and *T. W. Harl* for appellants.

(1) A panel of forty jurors from which the defendants were required to make their challenges was impaneled by the court. The defendants filed a motion to quash the panel alleging that they were entitled to a panel of forty-seven as the city of St. Joseph, in which the court was held, was a city of over 100,000. They based their right to the panel of forty-seven jurors upon sections 2621 and 2622, Revised Statutes 1899, which motion was overruled and excepted to by the defendants. They also excepted to the action of the court requiring them to select a panel of twelve from the panel of forty. This was error on the part of the court. This same question was decided by this court. State v. May, 168 Mo. 122. (2) These sections are constitutional and the court will take judicial notice that St. Joseph is a city of over 100,000 by the last census of the United States. State ex rel. v. Wofford, 121 Mo. 61. (3) The indictment in this case charges the defendants with manslaughter and not with murder, although they were tried for murder. Where the concluding charge of an indictment for murder is defective this court has frequently decided the indictment charges only manslaughter. State v. Meyers, 99 Mo. 115; State v. Sanders, 158 Mo. 610; State v. Furgerson, 152 Mo. 98.

*Edward C. Crow,* Attorney-General, *James W. Mytton* and *C. D. Corum* for the State.

(1) The defendants' first complaint is that as they

were tried in the criminal court situate at St. Joseph, a city of over one hundred thousand inhabitants, they should have been allowed a panel of forty-seven jurors from which to make their challenges. This position is correct and would avail the defendants were they in a position to present that matter to this court. But the motion to quash the panel was not incorporated in the bill of exceptions. This is indispensable and from this record the court is unable to determine whether the panel consisted of forty-seven or any other number of jurors. Motions which are not in fact a part of the record can not be made such by being copied by the clerk in the record proper. They must be inserted in the bill of exceptions. State v. Griffin, 98 Mo. 674; Nichols v. Stevens, 123 Mo. 119; State v. Prather, 136 Mo. 25; State v. Jones, 134 Mo. 254; Elliott on Appellate Procedure, secs. 190, 191, 814 and 815. (2) But this case will have to be reversed and remanded for another reason. The concluding clause of the indictment does not allege that the grand jurors "upon their oath" charge the defendant with murder. This is a fatal defect. State v. Sanders, 158 Mo. 610; State v. Myers, 99 Mo. 115.

GANTT, J.—At the June Term, 1900, of the criminal court of Buchanan county, the grand jury returned the following indictment:

"State of Missouri, County of Buchanan, ss.

"In the Criminal Court of Buchanan county, at the June term thereof, 1900.

"The grand jurors of the State of Missouri, within and for the body of the county of Buchanan aforesaid, being duly impaneled and sworn, upon their oath do present that Jesse Cook and Roy Frogge, on the sixth day of May, 1900, at the county of Buchanan and State aforesaid, in and upon one James Mize then and there being, feloniously, willfully, premeditatedly, deliberately, on purpose and of their malice aforethought, did make an assault, and with a dangerous and deadly weapon, to-wit, a shotgun loaded then and there with pow-

der and leaden balls and shot which they the said Jesse
Cook and Roy Frogge in their hands then and there
had and held at and against him the said James
Mize, then and there feloniously, willfully, premedi-
tatedly, deliberately on purpose and of their mal-
ice aforethought did shoot off and discharge and
with a shotgun aforesaid and the leaden balls and
shot aforesaid, then and there feloniously, willfully,
premeditatedly, deliberately, on purpose and of
their malice aforethought, did shoot, strike and
penetrate and wound him the said James Mize,
in and about a vital part of the body, and legs, and
thighs of him the said James Mize, to-wit, in the legs
and thighs of him the said James Mize, giving to him
the said James Mize at the said county of Buchanan
and State of Missouri on the said sixth day of May,
1900, with the dangerous and deadly weapon, to-wit,
the shotgun aforesaid and the powder and leaden balls
and shot aforesaid in and upon the body and legs and
thighs of him the said James Mize, one mortal wound
of the width of about one inch, and of the depth of
about three inches, of which mortal wound he the said
James Mize, languished and languishing did live for
the space of about fifty hours, when of the said mortal
wound the said James Mize on the ninth day of May,
1900, at the county of Buchanan and State of Missouri,
died; and so the grand jurors aforesaid, do say that
they the said Jesse Cook and Roy Frogge him the said
James Mize in the manner and by the means aforesaid,
feloniously, willfully, premeditatedly, deliberately, on
purpose and of their malice aforethought, at the said
county of Buchanan and State of Missouri, on the said
day aforesaid did kill and murder, contrary to the form
of the statute in such cases made and provided, and
against the peace and dignity of the State.''

The defendants were duly arraigned and entered
their plea of not guilty. A panel of forty jurors was
impaneled out of which to obtain a panel of twelve to
try the cause. The defendants duly objected to making
their challenges from a panel of forty jurors and de-

manded a panel of forty-seven, which motion the court overruled and they excepted.

The defendants were convicted each of murder in the second degree and sentenced to the penitentiary for a term of ten years each. In due time they filed their motions for new trial and in arrest which were overruled and they excepted, and perfected their appeals to this court.

I. The motion in arrest should have been sustained. The indictment is not sufficient to sustain a conviction of murder. The indictment only charges manslaughter. As was ruled in State v. Sanders, 158 Mo. loc. cit. 612, an indictment under our Constitution means just what it did at common law. [Ex parte Slater, 72 Mo. 102; State v. Meyers, 99 Mo. 116.] At common law it was essential to an indictment for murder that it should state, "and so the grand jurors, or jurors, aforesaid, *upon their oath*" do say, etc. [Heydon's Case, 4 Coke 41b; 3 Chitty's Crim. Law, 750; Wharton's Homicide, sec. 49.] And an indictment for murder without these words is fatally defective. [State v. Furgerson, 152 Mo. 98.]

In view of these recent utterances, it is not deemed necessary to discuss this proposition at greater length.

For this, if no other reason, the judgment must be reversed.

II. While the Attorney-General makes the point that the motion to quash the panel of forty is not properly preserved, an inspection of the record shows that the panel was only forty instead of forty-seven, which the statute requires where the trial occurs in cities having over one hundred thousand inhabitants. [State v. May, 168 Mo. 122.]

This error should be avoided in future, in trials in St. Joseph. This court takes ex officio notice that St. Joseph is a city of over 100,000 inhabitants by the last census of the United States.

As other errors pointed out can be readily obviated on another trial, it is unnecessary to dwell upon them. The judgment is reversed and the cause remanded, that

the prosecuting attorney may bring the matter before another jury if he shall so elect.

*Sherwood, P. J.*, and *Burgess, J.*, concur.