## THE STATE v. NUNLEY, Appellant.

### Division Two, December 13, 1904.

1. APPELLATE PRACTICE: No Exceptions: No Brief. Although a defendant in a criminal prosecution may file no bill of exceptions, and may not file any brief in the appellate court, yet the court will examine the record to discover whether or not there are any defects therein.

2. CORRUPTING VENIREMAN: Sufficient Indictment. It is held that the fourth count of the information in this case substantially charges every element of the offense of an attempt to corrupt a venireman.

3. CORRUPTING JUROR: Insufficient Indictment. The information in the second count in due form charged that the jury (naming them) were duly impaneled, sworn and qualified to try a certain cause, and then proceeded with this allegation: "That one Jeff Nunley, well-knowing the premises aforesaid,

and with the corrupt and felonious intent to prevent a just and fair trial of the issues joined in said criminal cause by said jury, did on or about the said fourteenth day of June, 1901, at the county of Butler and State of Missouri aforesaid, unlawfully, knowingly, willfully, corruptly and feloniously corrupt certain members of said jury aforesaid, the names of which said members of said jury so corrupted by the said Jeff Nunley being to the prosecuting attorney unknown, by giving to said jurors so corrupted as aforesaid a certain sum of money and property, the exact amount, kind and character of which said sums of money and property is to the prosecuting attorney unknown, as a gratuity and reward." *Held*, that this count, as to the most essential elements of the offense contemplated by the statute, is so vague and indefinite that defendant should· not have been compelled to plead to it, for the reason that the name of the juror corrupted is not alleged.

4. ——: ——: **Name of Juror.** Where the information attempts to charge that the accused corrupted a juror, it can not be known that the person corrupted was a juror unless his name is given.

5. ——: ——: **Amount of Money.** It is not essential under the statute, in charging the accused with corrupting a juror, that the amount of money or property given the juror be stated, for the amount, whether large or small, can in no way interfere with his preparation for trial.

6. **APPELLATE PRACTICE: Defective Information: Raised on Appeal.** A defect apparent on the face of an information is open to examination for the first time on appeal.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED IN PART.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) This being an offense under the statute, a reasonable compliance with the language of the statute is all that is necessary so long as the defendant is informed of the nature of the offense with which he is charged. State v. West, 157 Mo. 309; State v. Hendrickson, 165 Mo. 226; State v. Williams, 136 Mo. 293;

State v. Hall, 164 Mo. 528. (2) The fourth count follows the language of the indictment in the case of State v. Williams, 136 Mo. 293, and has reference to the same state of affairs. The defendant in that count is charged with willfully, corruptly and feloniously attempting to bribe one Bob Rice. (3) It has been held not to be necessary to allege the kind and value or the amount of money offered or given in a case of this kind. State v. Leibert, 29 Tex. App. 159; United States v. Kessel, 62 Fed. 57; State v. Brebusch, 32 Mo. 207. (4) It was perfectly competent for the prosecuting attorney in the second count to charge the defendant with bribing certain members of the jury who were unknown to the said prosecuting attorney, as it was also competent for the prosecuting attorney to allege in said count that the exact amount of money or property was unknown to him. Even though it be considered essential that the amount of the property should be given and that the particular names of the jurors should be set out in the information, yet the necessity for such ruling could be based only upon the ground that the defendant has a right to be informed of the full charge preferred against him before he announces ready for trial. In this case, the defendant announced ready for trial without objecting to the form of the information and without moving to quash the same. It is, moreover, apparent that whatever defect there might be upon the face of the information, in this respect, it was waived by the defendant going into trial. Nor does it appear that the defendant raised the point either in his motion for a new trial or in arrest of judgment, as these motions are not set out in the record and no exceptions are shown to have been taken to the action of the court thereupon. The objection upon this point, in this court, comes too late. The defendant should have demurred to the information and having failed to do so is presumed to have waived all rights which he might have been entitled to should a motion to quash have been filed. State v. Brown, 85

Mo. App. 462; State v. Copeland, 167 Mo. 298; State v. Fleming, 90 Mo. App. 241; State v. Armstrong, 157 Mo. 257; State v. Williams, 152 Mo. 115.

FOX, J.—On the 11th day of August, 1903, there was filed in the circuit court of Butler county an information on behalf of the prosecuting attorney, charging the defendant with a violation of section 2043, Revised Statutes 1899. The information contains four counts. The defendant was convicted upon the second and fourth counts, and his punishment assessed at three years in the penitentiary on each count. No motion to quash was filed, and no bill of exceptions has been presented to this court for review. We, therefore, have the case here on the record proper.

The second and fourth counts of the information upon which the defendant was convicted are as follows:

"And for another and further count to this information again comes R. H. Stanley, prosecuting attorney within and for the county of Butler and State of Missouri, and upon his oath of office, information and belief informs the court that on or about the 14th day of June, 1901, at the county of Butler and State of Missouri, a certain criminal cause was then and there pending in the circuit court of said Butler county, between the State of Missouri, plaintiff, and Alexander Sanders as defendant, in which said cause the said Alexander Sanders was charged by and upon an information filed by the prosecuting attorney of said Butler county, with murder of the first degree, for the killing of one John E. Dacus, the said circuit court of Butler county then and there having jurisdiction to hear and try said cause; that on or about the said 14th day of June, 1901, a certain jury of said county were then and there duly summoned, challenged and impaneled, sworn and qualified to try the issues joined in said cause then and there pending in said court; that R. F. Crady, M. L. Harmon, George Martin, J. B. Lacy, Mon-

roe Shaw, John W. Sutton, J. H. Chapel, J. W. Whit-ington, W. E. Keith, Charles Demaree, J. T. Doggett and A. W. Blanford were the jurors so summoned, impaneled, sworn and qualified to try the issues joined in said criminal cause in said court; that one Jefferson Nunley, well knowing the premises aforesaid, and with the corrupt and felonious intent to prevent a just and fair trial of the issues joined in said criminal cause by said jury, did on or about the said 14th day of June, 1901, at the county of Butler and State of Missouri aforesaid unlawfully, knowingly, willfully, corruptly and feloniously corrupt certain members of said jury aforesaid, the names of which said members of said jury so corrupted by the said Jeff Nunley being to the prosecuting attorney unknown, by giving to the said jurors so corrupted as aforesaid a certain sum of money and property the exact amount, kind and character of which said money and property is to the prosecuting attorney unknown, as a gratuity and reward, upon an unlawful, corrupt and felonious agreement and consideration, understanding and undertaking with the said jurors so corrupted as aforesaid, that the said jurors so corrupted as aforesaid would unlawfully, corruptly and feloniously render a verdict in said cause, so pending as aforesaid in said court, acquitting the said Alexander Sanders of the crime of murder of the first degree, or of any other offense, for the killing of John E. Dacus for which he was then upon trial, by and before said jury as aforesaid, upon the issues so joined as aforesaid; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State.

"And for another and further count to this information again comes R. H. Stanley, prosecuting attorney within and for the county of Butler and State of Missouri, and upon his oath of office, information and belief informs the court that on or about the 14th day of June, 1901, at the county of Butler and State of Missouri, a

certain criminal cause was then and there pending in the circuit court of said Butler county between the State of Missouri as plaintiff and Alexander Sanders as defendant, in which said case the said Alexander Sanders was charged by and upon an information filed by the prosecuting attorney of said Butler county with murder of the first degree for the killing of one John E. Dacus, the said circuit court of Butler county then and there having jurisdiction to hear and try said cause; that on or about the 14th day of June about seventy-five persons, who were then and there citizens of said Butler county, were duly summoned in said cause and in said court for the purpose of answering such questions as might be asked of them by said court, to ascertain their qualifications to sit as jurors in the trial of said case then and there pending in said court; that Bob Rice was one of said persons so summoned in said case who appeared in said court in obedience to said summons; that after said Rice was so summoned as aforesaid and before he was examined by said court touching his qualifications to sit as a juror in said case, one Jeff Nunley, well knowing the premises aforesaid, and with the corrupt and felonious intent to prevent a fair trial and just trial in said criminal cause, did on or about said 14th day of June, 1901, at the county of Butler and State of Missouri unlawfully, knowingly, willfully, corruptly and feloniously attempt to corrupt said Bob Rice by offering to give to the said Bob Rice a certain sum of money and property, the exact amount, kind and character of which said money and property is to the prosecuting attorney unknown, as a gratuity and reward, with the unlawful, corrupt and felonious intent on the part of the said Jeff Nunley to induce the said Bob Rice to unlawfully, corruptly and feloniously promise and agree to render a verdict in said cause so pending as aforesaid in said court acquitting the said Alexander Sanders of the crime of murder of the first degree or of any other offense for the killing of the said

John E. Dacus for which he was then about to be placed
upon trial; contrary to the form of the statutes in such
cases made and provided, and against the peace and
dignity of the State.''

### OPINION.

Appellant is not represented in this court, there is
no brief or suggestions of any kind indicating any de-
fects in this record; however, under the law, it is made
our duty to examine the record, and we will give the de-
fendant the benefit of the performance of that duty.

The fourth count of the information charges an at-
tempt to corrupt one Bob Rice, who had been summoned
as a juror in the case of State of Missouri v. Alexander
Sanders. The information in that count substantially
charges every element of the offense, and is in harmony
with the approved precedent in case of State v. Wil-
liams, 136 Mo. 293. Hence, there is no reason appear-
ing upon the record for setting aside the verdict upon
that count.

The second count presents a more serious proposi-
tion. The statute upon which this prosecution is based
(sec. 2043, R. S. 1899), provides: ''Every person who
shall corrupt, or attempt to corrupt, any other person
summoned or sworn as a juror . . . by giving or
offering to give any gift or gratuity whatsoever, with
intent to bias the mind of said juror . . . or incline
him to be more favorable to one side than the other,
in relation to any matter, cause or proceedings which
may be pending in the court to which said juror shall
have been summoned . . . shall on conviction be
punished as in the next preceding section is pre-
scribed.''

This count now being considered, in due form
charges that the jury (naming each one of them) was
duly impaneled, sworn and qualified to try the case of
State v. Sanders; then follows the vague and indefinite

allegations, "That one Jeff Nunley, well knowing the premises aforesaid, and with the corrupt and felonious intent to prevent a just and fair trial of the issues joined in said criminal cause by said jury, did on or about the said 14th day of June, 1901, at the county of Butler and State of Missouri aforesaid, unlawfully, knowingly, willfully, corruptly and feloniously corrupt certain members of said jury aforesaid, the names of which said members of said jury so corrupted by the said Jeff Nunley being to the prosecuting attorney unknown, by giving to the said jurors so corrupted as aforesaid a certain sum of money and property, the exact amount, kind and character of which said money and property is to the prosecuting attorney unknown, as a gratuity and reward."

We are unable to give our sanction to the form of the presentation of so serious a charge as is contained in the second count of this information. This count, as to the most essential elements of the offense contemplated by the statute, is so vague and indefinite that defendant should not have been required to plead to it. A person accused is entitled by the terms of the bill of rights, article 2, section 22, "to demand the nature and cause of the accusation" against him, and unless the indictment gives this information, it does not answer the end the Constitution requires it should accomplish.

SHERWOOD, J., in State v. Stowe, 132 Mo. l. c. 204, in treating of an indictment for obtaining property under the false pretense that the defendant was the real, legal and absolute owner of property he was offering in exchange for the property obtained, when it was incumbered by a mortgage, very clearly indicates that an indictment may be invalid for the reason alone that it is vague and indefinite. The learned judge said in that case:

"The charge in the indictment under consideration is vexatiously vague and indefinite in that it does not

state, *a,* in what county the mortgage referred to was recorded, nor indeed, *b,* that it was recorded anywhere, nor, *c,* give the names of the mortgagor and mortgagee, nor, *d,* the date of the mortgage, nor, *e,* the amount it was given to secure, nor, *f,* a description of the horses, which secured the mortgage, although Waugh, to whom the horses were alleged to have been exchanged, was a witness whose name was indorsed on the indictment.

"In Indiana, Keller was prosecuted for obtaining personal property under false pretenses in regard to certain real estate described as being 'a house and lot of ground in the city of Indianapolis,' and it was averred that Keller represented that a certain incumbrance for $500 was the only lien on the property. In negativing the truth of this allegation it was averred that the 'lien and mortgage of $500 on the said house and lot of ground for the purchase-money thereof as aforesaid, was not the only lien and incumbrance then upon said house and lot of ground, but there were various and numerous other liens thereon, older and prior to the said lien of $500, amounting in the aggregate to $2,000,' etc. Speaking on the subject of the insufficiency of such an indictment, BUSKIRK, J., said: 'The first averment is very vague and indefinite. There is no sufficient description of the real estate alleged to have been owned and sold by the appellant. Nor is the name of the purchaser given. Criminal charges must be preferred with reasonable certainty, so that that the court and jury may know what they are to try, of what they are to acquit or convict the defendant, and so that the defendant may know what he is to answer, and that the record may show, as far as may be, of what he has been put in jeopardy. The averments should be so clear and distinct that there could be no difficulty in determining what evidence was admissible under them.' . . .

"Chitty, when speaking of an indictment, says: 'The first general rule respecting indictments is, that

they should be framed with sufficient certainty. "For this purpose the charge must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury should find a bill for one offense, and the defendant be put upon his trial in chief for another without any authority.'  [1 Chitty, Cr. Law, 169.]

"Elsewhere it is said: 'Certainty may be defined to be a clear and distinct setting down of facts, so that they may be understood both by the party who is to answer the matters stated against him, the counsel who are to argue them, the jury who are to decide upon their existence, and the court who are the judges of the law arising out of them. [King v. Griffith, 3 Mod. 201.]' "

It will be observed, that in this count the names of the twelve jurors qualified and sworn to try the cause are given, and then it is charged that the defendant feloniously corrupted some members of that jury, their names being unknown to the prosecuting attorney.  It is essential, under the statute creating this offense, that the corruption must be in respect to a juror who has been summoned in the cause, hence his name is known and it must be alleged.  This count of the information is insufficient for the reason that it leaves the defendant in a position to guess what members of the jury the State will upon the trial undertake to prove that he corrupted.  This is not in compliance with the provisions of the organic law of this State, which gives the defendant the right to demand the cause and nature of the accusation against him.

It is not sufficient, in charging the offense created by the statute, to charge that the defendant corrupted some members of the jury qualified and sworn to try the cause; the names of the jurors must be alleged. The charge, "Some of the members of the jury," without naming them, may be treated as a mere conclusion of

the pleader, hence the names must be alleged, that the court and the defendant, upon inspection of the pleading, may know by the names alleged that they were in fact members of the jury who were qualified to try the case. It is apparent from the allegations in the second count that the names of all the jurors were known to the informant, for they were alleged. Doubtless the true situation, as indicated from the pleading, was that the prosecuting officer was unable to allege the names of the jurors corrupted, not for the reason that their names were unknown to him, but for the reason that the facts which indicated to which one or more of the jurors they were applicable, were unknown. There may be many instances in which it might be proper pleading to allege that the name of a person was unknown, but this is not one of that class of cases.

The essential element of the offense defined by the statute upon which the second count is predicated, is not only that some person was corrupted, but that person must be a juror, and it can only be known that he was a juror impaneled in the case by alleging his name.

The charge of "giving to the jurors certain money and property, the exact amount, kind and character of which was unknown to the prosecuting attorney" is well enough, and there can be no substantial objection to the charge in that form. The essential element of that part of the charge is the giving of money and property, and the fact that the amounts were unknown to the informant and not stated can not affect any substantial right of the accused. He is notified that he must meet the charge of giving money and property to certain jurors, and it is apparent that the amount of such money or property, whether large or small, can not in any way interfere with his preparation for trial.

The defect in the second count of the information was not waived by failure of the defendant to move to quash it or to arrest the judgment. The cases cited by

the Attorney-General upon this proposition in our opinion do not support the contention.

This information will not support the judgment of conviction upon it for the reason that it fails to charge definitely essential elements of the offense, and this defect is apparent upon the face of the information, and is a part of the record proper in this cause, and is open to examination for the first time in this court. [State v. Stowe, supra.]

The judgment in this cause is erroneous for the reason that the defendant was sentenced to six years' imprisonment in the penitentiary, instead of three years, for the offense charged in the fourth count, of which, as far as appears from the record proper, he was legally convicted.

This judgment should not be reversed or set aside on account of this error, but in pursuance of the provisions of section 2720, Revised Statutes 1899, this court will sentence the defendant for the correct length of time, as is shown by the record. And proceeding to perform this duty, it is ordered and adjudged by the court that the defendant, Jefferson Nunley, be confined in the penitentiary of this State for a term of three years, and that the marshal of this court arrest the said defendant without delay, wherever he may be found in this State, and transport him to the State penitentiary of the State of Missouri and deliver him to the Warden thereof, there to be imprisoned for the period of three years.

*Gantt, P. J.,* concurs in this judgment; *Burgess, J.,* absent.