State v. Hall.

## STATE OF MISSOURI, Respondent, v. HALL, Appellant.

### St. Louis Court of Appeals, March 17, 1908.

1. **LOCAL OPTION: Indictment: Necessary Allegations.** An indictment charging one with violation of the local option law must allege either the facts *showing* that the local option law had been adopted on a particular day, or he must allege that the law was adopted on a particular day and was in force on the date on which the offense was charged to have been committed.

2. ———: ———: ———. Where an indictment for the violation of the local option law alleged that the law "had been adopted on July 8, 1904," and that the defendant violated it by selling intoxicating liquor on the 6th day of October, 1906, the allegations were insufficient because it does not appear from such allegations that the law was in force on the 6th day of October, 1906; it does not appear from such allegations how long before the first mentioned date the law had been adopted and from aught that appears it may have been adopted more than four years prior to the date of the alleged offense and may have been repealed.

3. ———: ———: ———: **Criminal Pleading.** It is a rule of criminal pleading that every fact material to the offense charged must be alleged in the indictment and nothing material shall be taken by intendment; every allegation of the indictment mentioned could be taken as true and yet the defendant could be guilty of no offense.

4. **APPELLATE PRACTICE: Indictment: Motion to Quash: Waiving Error.** Where an indictment is insufficient to describe an offense, the question may be raised for the first time on appeal; the defendant does not waive his right to object to its sufficiency by failure to move to quash or to file a motion in arrest.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED.

*John T. Sturgis* and *A. D. Bennett* for appellant.

. (1)   An indictment is not good unless it charges in detail the facts necessary to put the local option law in force, or makes the general charge that such law "has been adopted and is in force within the county on the day on which the offense is charged." State v. Searcy, 39 Mo. App. 407; State v. Prather, 41 Mo. App. 458; State v. Hutton, 39 Mo. App. 415; Kelly's Criminal Law, secs. 1084-5; Sherwood Criminal Law, pp. 836, 742; State v. Dugan, 110 Mo. 143.   (2)   It is one of the tests of the insufficiency of an indictment that every allegation may be taken to be true and yet the defendant be guilty of no offense.   State v. Beugsch, 170 Mo. 81; State v. Broeder, 90 Mo. App. 156; State v. Thieraup, 167 Mo. 429; State v. Hogan, 164 Mo. 654; State v. Drumm, 156 Mo. 216.   (3)   A defect in an indictment is not waived by failure to move to quash or even by failure to move in arrest of judgment.   State v. Nunley, 185 Mo. 112; State v. Hogan, 164 Mo. 654; State v. Stowe, 132 Mo. 203.   (4)   It was necessary to prove that the local option law was in force in Newton county at the time of the alleged sale of liquors and nothing less than a positive and specific charge of this fact will suffice in the indictment.   State v. Phelan, 159 Mo. 122; State v. Saunders, 63 Mo. 482; State v. Hubbert, 170 Mo. 346; State v. Kelly, 170 Mo. 151.

*Thomas M. Saxton,* Prosecuting Attorney of Newton county, for respondent.

The indictment is sufficient.   It alleges the adoption of the local option law, that it was put in force, and the sale of intoxicating liquors, and is in the form given by Mr. Kelley in his work on Criminal Law, sec. 1084, page 757.   State v. Hitcheck, 124 Mo. App. 106. When the State made proof of the adoption of the local option law in July, 1904, and proved a sale within the territory covered, it made a prima-facie case.   If de-

fendant claimed that the law was repealed by a subsequent election, the burden was upon him to prove such fact. Loveless v. State, 40 Tex. Crim. 22, 49 S. W. 892. No indictment shall be deemed to be invalid for want of an averment not necessary to be proved. Nor for any defect which does not prejudice the substantial rights of the accused. R. S. 1899, sec. 2535. State v. Brown, 181 Mo. 230; State v. Lehman, 182 Mo. 450; State v. Craig, 79 Mo. App. 412.

NORTONI, J.—Defendant was convicted in the circuit court of Newton county of the offense of selling intoxicating liquors in violation of the local option law. He appeals to this court, insisting the indictment against him is insufficient in that it fails to charge the local option law to have been in force in the county at the date he is alleged to have sold the liquor in violation thereof. Now under the established law in this State, the pleader may charge in the indictment, in detail, all of those facts necessary to evince that the local option law had been adopted in a particular county on a particular day, or he may dispense with the detailed allegation of fact with respect thereto by charging that the law had been adopted at a particular time and was in force within the county on the date on which the offense is charged. It is certain that the indictment must contain pointed and specific allegations with respect to this matter in one form or the other, as indicated, for it is material to both allege and prove that the law had been adopted and was in force on the date on which the offense was committed, otherwise nothing would appear to disclose that the law had been violated. [State v. Searcy, 39 Mo. App. 393, 407; State v. Prather, 41 Mo. App. 451, 458; State v. Hutton, 39 Mo. App. 410, 415; State v. Dugan, 110 Mo. 138, 143, 19 S. W. 195; Kelley's Criminal Law (1892), secs. 1084, 1085; Sherwood, Criminal Law, pp. 836, 742.]

The indictment in this case fails to allege in detail the essential facts indicating the adoption of the local option law in Newton county at any time. It is charged, however, that on the 8th day of July, 1904, the local option law, properly identifying it, "had been adopted and was in force as the law of the State within the county of Newton," etc. In a subsequent portion thereof, the indictment charges the defendant, in appropriate terms, with having violated the law by selling certain intoxicating liquors on the 6th day of October, 1906, in said county, etc. It will appear there is nothing in the indictment which pointedly charges the local option law was in force in Newton county at the time the sale was made; that is, at the time the defendant is alleged to have offended against it, October 6, 1906. The allegation as above stated is that the law had been adopted and was in force on the 8th day of July, 1904. Nothing 'appears charging that the law continued to be in force until the 6th day of October, 1906, when defendant is alleged to have violated its provisions. Now if it were charged that the law was adopted on July 8, 1904, then this status having been established by competent allegation, in the absence of something appearing to the contrary, the presumption would be indulged that the law was in force on October 6, 1906, for the courts judicially know that if the law was adopted on July 8, 1904, it would essentially continue in force as a law of the State in that county for a period of four years, for such is the provision of section 3033, R. S. 1899, section 3033, Mo. Ann. St. 1906. So much has been ruled, as we understand it, in the case of State v. Foreman, 121 Mo. App. 502, 508, 97 S. W. 269. No such allegation appears, however. The allegation is that the law "*had been* adopted on July 8, 1904," and was in force as the law of the State on that day, thus dealing with the matter in the past perfect tense, and alleging it to be in force on July 8, 1904, or more than two

years before the alleged violation in October, 1906. It may be true that on July 8, 1904, the law had been adopted and was in force on that date in Newton county, and it may true as well, from all that appears in the indictment, that it had been adopted nearly four years before that date and its provisions repealed by a new election therefor held prior to October 6, 1906, the date of the alleged violation, as is authorized by section 3033, R. S. 1899, sec. 3033, Mo. Ann. St. 1906. It is a familiar rule of criminal pleading that every fact material to the offense charged must be alleged in the indictment, and that nothing material shall be taken by intendment or implication. [2 Hawkins Pleas of the Crown, chap. 25, sec. 60; State v. Hagan, 164 Mo. 654, 659, 65 S. W. 249.] It is said that in order to determine the sufficiency or insufficiency of an indictment, the court should look to the essential averments, and if it appears that all of the material allegations, when taken as true, disclose the defendant to have committed the offense, the indictment is sufficient. On the other hand, if it appears, when all of the allegations are taken as true, the defendant is guilty of no offense under the law, then the pleading is insufficient. In other words, one of the tests of the insufficiency of an indictment is that every allegation may be taken as true and yet the defendant be guilty of no offense thereunder. [State v. Bengsch, 170 Mo. 81, 104, 70 S. W. 710.] When we measure the indictment in this case by the rules given, it appears to be clearly insufficient to charge the offense; for, first, there is no intendment or implication which may go in aid of its allegations, and we may admit the allegation that on July 8, 1904, the local option law had been adopted in Newton county and was then in force, still nothing appears indicating that the law which had at some time theretofore been adopted, continued in force until the 6th day of October, 1906, the date of the alleged offense.

It is true the sufficiency of the indictment in this case was not questioned by motion to quash or demurrer in the circuit court. However that may be, the point now made against it was specifically invoked in the motion for arrest of judgment, and that is sufficient. So far as that matter is concerned, the defect in the indictment would not be waived by a failure to move to quash or failure to call it to the attention of the trial court by motion in arrest of judgment. The question appearing on the face of the record, it would be entirely sufficient to raise it here for the first time. [State v. Nunley, 185 Mo. 102, 112, 83 S. W. 1074; State v. Stowe, 132 Mo. 199, 203, 33 S. W. 799.]

For the reasons given, the judgment will be reversed and the defendant discharged. *Bland, P. J.,* and *Goode, J.,* concur.