## THE STATE v. WILLIS CLINE, Appellant.

Division Two, March 30, 1915.

1. **INDICTMENT: Conclusion: Murder: Stating Name of Person Killed: Common Law.**  The common-law rules governing the proper form for closing an indictment for murder apply in Missouri, and therefore the name of the person alleged to have been killed must be stated in the conclusion of the indictment.

2. **————: ————: ————: ————: ————: Information.** The rules of the common law concerning indictments for murder are also applicable to informations charging murder.

3. **————: ————: ————: ————: ————: ————: Cause Reversed and Remanded.**  A judgment of conviction for murder, under an information that failed to state in its conclusion the name of the person killed, will be reversed and the cause remanded.  The Statute of Jeofails (Sec. 5115, R. S. 1909) does not cure the error.

Appeal from Dallas Circuit Court.—*Hon. C. H. Skinker,* Judge.

REVERSED AND REMANDED.

*John S. Haymes* and *O. H. Scott* for appellant.

(1)   In the conclusion of the information in this case it does not allege whom the defendant killed and murdered.   In the case of State v. Pemberton, 30 Mo. 376, the conclusion of an indictment almost identical with the information in this case was held bad.   This ruling has been discussed and approved in the following cases:   State v. Meyers, 99 Mo. 114; State v. Stacy, 103 Mo. 11; State v. Rector, 126 Mo. 341; State v. Gleason, 172 Mo. 266; State v. Campbell, 210 Mo. 216.   (2)   Any defect in an indictment or information that is available in a motion in arrest is available in the appellate court; and the higher court will examine the record to discover defects whether a bill of exceptions is filed or not.   State v. Meyers, 99 Mo. 107; State v. Meysenburg, 171 Mo. 1; State v. Gregory, 178 Mo. 48; State v. Nunley, 185 Mo. 102.

*John T. Barker*, Attorney-General, and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

(1)   It does not appear from the record proper that a bill of exceptions was ever filed.   There can be nothing before this court for review other than the record proper even if the appeal has been duly perfected.   Shamwell v. McKinney, 214 Mo. 692; Wright v. Seiffle, 214 Mo. 694; Pennoffsky v. Crower, 205 Mo. 135; State v. Paulgrow, 203 Mo. 204.   (2)   The information follows the statute and is in approved form. Sec. 4448, R. S. 1909; Kelley's Crim. L. & Pr. (3 Ed.), sec. 474; State v. Turlington, 102 Mo. 642; State v. Hudspeth, 150 Mo. 19; State v. Clay, 201 Mo. 686; State v. Horn, 204 Mo. 528.

WILLIAMS, C.—Upon an information purporting to charge him with the crime of murder in the first

264Mo27

degree, defendant was tried in the circuit court of Dallas county, found guilty of murder in the second degree and his punishment assessed at imprisonment in the penitentiary for a term of twenty years. Appellant has failed to file a bill of exceptions and the appellate review is therefore limited to a review of the record proper.

It is contended by appellant that the information is defective in that the conclusion of the information fails to state the name of the person

**Indictment and Information:**
**Conclusion:**
**Murder:**
**Name of Person Killed:**
**Common Law.**

murdered. The portion of the information thus attacked is as follows: "And so the prosecuting attorney aforesaid, upon his official oath aforesaid, doth say, that the said Willis Cline, at the county and State aforesaid, in the manner and by the means aforesaid, feloniously, wilfully, deliberately, premeditatedly, on purpose and of his malice aforethought did kill and murder; against the peace and dignity of the State." The common-law form of indictment for murder requires that the name of the person murdered be stated in the conclusion of the indictment. [State v. Meyers, 99 Mo. 107, l. c. 115, and authorities therein cited.] "At common law great strictness and technical accuracy was exacted as to the conclusion of the indictment for murder." [21 Cyc. 858.] The reason for this, no doubt, was that, "All the authorities show the proper conclusion of an indictment for murder marks the feature of that offense which distinguishes it from manslaughter." [State v. Meyers, supra.] Absent a constitutional provision or proper legislative enactment prescribing or permitting a different form, the forms of indictments for murder in this State are to be measured by the rules of the common law in that behalf prescribed. [State v. Sanders, 158 Mo. 610, l. c. 612; State v. Cook, 170 Mo. 210, l. c. 214.] And the rules of the common law concerning indictments for murder are also applicable to informa-

tions charging murder. [State v. Dawson, 187 Mo. 60, l. c. 65-6; State v. Minor, 193 Mo. 597.] The only statutory enactment which might be claimed to cure the defect here shown is section 5115, Revised Statutes 1909, commonly known as the Statute of Jeofails, applicable to pleadings in criminal cases. Yet in passing upon the identical point here involved it has been held that the above-mentioned defect is not cured by said statute, but that the indictment by reason of such a defect is fatally defective. [State v. Pemberton, 30 Mo. 376, l. c. 378-9.] In passing upon the question as to whether the defective indictment was cured by said Statute of Jeofails, Judge NAPTON, speaking for the court in the above case, said:

*Statute of Jeofails not Applicable.*

"If the design of our Legislature had been to change the entire system of criminal pleading, they undoubtedly would have supplied a substitute for the one abolished. They have done so in civil proceedings, but in criminal proceedings changes, when made, have been specific. The ancient forms of proceedings have been retained, with specific modifications; and it is only from the clause we are now called upon to construe that any inference can be drawn of a design on the part of the Legislature to abolish the entire system of criminal pleading. To give so liberal and latitudinous a construction to this clause, would undoubtedly destroy many if not all of the forms which have been hitherto observed. It would be, in truth, to put civil and criminal proceedings on the same footing, and allow the prosecution to make, as in civil proceedings, 'a plain and concise statement of the fact' constituting the offense, without regard to mere technical phrases and forms.

"The court does not feel warranted in giving such a construction to an isolated clause of a statute, the general tenor of which is sufficient to show that no such

sweeping and radical changes were designed." [Id. l. c. 379.]

It therefore follows that by reason of the defective information the judgment must be reversed and the cause remanded. It is so ordered. *Roy, C.,* dissents.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur, *Brown, J.,* in result only.