THE STATE, Appellant, v. DR. H. B. FUTRELL.—46 S. W. (2d) 588.

Division Two, February 17, 1932.

962

*Stratton Shartel,* Attorney-General, *C. A. Powell,* Assistant Attorney-General, and *S. P. Dalton,* Prosecuting Attorney from Cape Girardeau County, for appellant.

FITZSIMMONS, C.—Defendant was charged by information with the felony of abortion. Upon trial he was found guilty and his

punishment was fixed at a fine of $1,000. The trial court sustained defendant's motion for a new trial and overruled the State's later motion to set aside the order sustaining the motion for a new trial. The prosecuting attorney then filed his application and affidavit for appeal, and appeal to this court was granted.

I. The right of the State to take an appeal is first to be determined. Defendant's motion for a new trial gave as some of the reasons therefor that the information failed to charge facts sufficient to advise defendant of the nature of the accusation against him; that the information failed to state or plead facts sufficient to constitute a crime against the laws of Missouri, the absent statements being specified; that the information is vague, indefinite and uncertain in particulars stated. The trial court, in its order sustaining the motion for a new trial, quoted from the opinion of this court in the case of State v. Ferris, 16 S. W. (2d) 90, l. c. 99, to the effect that allegations of certainty to a common intent or reasonable certainty are all that are required in an information charging statutory offenses, so that "the accused may be enabled to know what he has to meet that he may prepare his defense and authorize a conviction or acquittal to be pleaded in bar to another prosecution for the same offense." The order of the trial court further said:

"The information at bar does not meet the requirements of the rules as stated in the above case, and the judgment is arrested for the facts stated in the information are not sufficient to constitute any offense under the laws of this State, as it does not allege the nature or kind of instrument used, how used or on what part of the body used, all of which must be proven and if necessary to prove is necessary to allege.

"For the foregoing reasons and for the reason the court permitted the State to prove the kind of instrument and how and where used over the objections of the defendant, the motion for a new trial is sustained." In the record proper appear the information, arraignment, plea, trial and verdict, motion for a new trial, order of court sustaining same, motion to vacate and order overruling the same, and the application for and granting to the State of an appeal. The prosecuting attorney also filed a bill of exceptions which contains the testimony of two witnesses, the instructions, verdict, defendant's motion for a new trial, order sustaining this motion, the State's application and affidavit for appeal, and the order granting the appeal. The record, therefore, is sufficient to preserve the point upon which the State relies for a reversal.

Section 3752, Revised Statutes 1929, provides that the State, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in the next section. And Section 3753 (the next), provides that "when any indictment or

information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside," the court, in certain circumstances, may hold the defendant to answer a new indictment or information, "or, if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal." Section 3736, Revised Statutes 1929 (Amended Laws 1925, p. 194), abolished the motion in arrest of judgment and provided that all the rights which could have been saved by defendants in a motion in arrest may be saved in a motion for a new trial. It thus appears that the motion for a new trial serves a double purpose. [State v. Carson, 18 S. W. (2d) 457, l. c. 458.] Section 4080, Revised Statutes 1919, gave to defendants in criminal cases the right to file a motion in arrest of judgment upon three grounds appearing upon the face of the record, one of which was that the facts stated do not constitute a public offense. And in the state of the law as it then was, defects apparent on the face of the record could only be reached by a motion in arrest. [State v. Gamma, 215 Mo. 100, 114 S. W. 619.] But the Act approved May 1, 1925 (Laws 1925, p. 194), worked changes and reforms in criminal procedure. Among them was the repeal of Section 4080, Revised Statutes 1919 and the enactment of what is now Section 3736, Revised Statutes 1929. From this it follows that if, in a criminal case, an order of court sustaining the motion for a new trial is in effect an order arresting or setting aside the judgment upon the indictment or information, within the meaning of Section 3753, Revised Statutes 1929, the State may appeal from that order.

Defendant contends that the State was not entitled to an appeal because there was a trial and a jury verdict and the appeal is not from an order quashing or holding invalid an information. Some of his authorities involve questions of civil procedure and all of them are beside the point in this case. Several of the criminal cases cited emphasize the familiar rule that statutory exceptions are to be strictly construed. [State v. Risley, 72 Mo. 609.] And the State's right of appeal in criminal cases is a statutory exception. But that rule of strict construction will not be broken in this case. There is no authority for defendant's argument that the State may not appeal because there was a trial and verdict and there was not an order quashing the information. On the contrary, there is authority sustaining the State's right of appeal from an order granting to a defendant a new trial upon grounds amounting to an arrest of judgment upon the information. [State v. Carson, 18 S. W. (2d) 457.] In the latter case, defendant set up the reverse proposition namely that the State did not have the right of appeal unless there was a final judgment, and there was no final judgment, when the motion for a new trial was sustained. The words of the statute itself (Sec. 3753, R. S. 1929) granting to the State the right of appeal dispute and

override defendant's narrow construction. It gives to the State the right of appeal "when any indictment or information is adjudged insufficient upon demurrer or *exception,* or where *judgment* thereon is arrested or set aside." Exceptions are taken and saved in the course of a trial, or in a motion for a new trial, and judgment is the final determination of the right of the parties in the action (Sec. 1070, R. S. 1929), after a trial is had. The right of the State to an appeal in this case should be upheld upon the authority of State v. Carson, 18 S. W. (2d) 457. It is true that the order of the trial court sustaining the motion for a new trial, appears to state two grounds for the order. But the second ground is the supplement of the first, and the two together make but one cause for a new trial. The stated reason for the order was that the information did not state facts sufficient to constitute the felony of abortion as it did not allege the nature or kind of instrument used, how used or on what part of the body. "For the foregoing reasons" runs the order, "and for the reason the court permitted the State to prove the kind of instrument and how and where used over the objections of defendant, the motion for a new trial is sustained." It is obvious that, to the mind of the trial court, the objectionable testimony would have been admissible if the information had been held to be sufficient. In the Carson case (supra), the trial court, in sustaining the motion for a new trial, gave in like manner one principal reason and two corollaries, which together made but one cause for the order, namely the insufficiency of the information. We hold that the State was entitled to an appeal in this case.

II. The information, caption, signature and verification omitted, is as follows:

"J. Grant Frye, Prosecuting Attorney within and for the County of Cape Girardeau, in the State of Missouri, upon his oath informs the court that on or about the 3rd day of July, A. D. 1930, in the County of Cape Girardeau, State aforesaid, Dr. H. B. Futrell, with the unlawful and felonious intent to produce and promote a miscarriage, did unlawfully and feloniously use upon Maurine Masterson, a woman, an instrument and device to produce a miscarriage, the same not being necessary to preserve the life of the said Maurine Masterson and not being necessary to preserve the life of an unborn child, the said Dr. H. B. Futrell being a duly licensed physician, the death of the said Maurine Masterson not having ensued, and the death of any quick child, whereof she may have been pregnant not being thereby occasioned, against the peace and dignity of the State."

The Statute (Sec. 3991, R. S. 1929), provides that: "Any person who, with intent to produce or promote a miscarriage or abortion, advises, gives, sells, or administers to a woman (whether actually pregnant or not), or who, with such intent, procures or causes her

to take any drug, medicine, or article, or uses upon her, or advises to or for her the use of, any instrument or other method or device to produce a miscarriage or abortion (unless the same is necessary to preserve her life or that of an unborn child, or if such person is not a duly licensed physician, unless the said act has been advised by a duly licensed physician to be necessary for such a purpose), shall,'' be guilty of the felony of abortion, if the death of the woman or of any quick child should not ensue, and of manslaughter, in case of such death. The statute sufficiently individuates the offense which it defines. Indictments and informations following its language are sufficient, if they also state enough particulars to notify the defendant what he has to meet, and also to enable him to plead conviction or acquittal in bar of another prosecution for the same offense. [State v. Ferris, 16 S. W. (2d) 96.] The information in the instant case meets these tests and therefore is sufficient. Defendant cites cases in which indictments and informations were held to be bad. But these authorities do not control this case. Quite obviously an indictment for murder should state the name of the man who was killed. [State v. Cline, 264 Mo. 416, 175 S. W. 184.] And such indictment should state when the murdered man died, so that it may appear that he died within a year and a day after he was wounded. [State v. Borders, 199 S. W. 180.] The information or indictment should individuate fraudulent ballots and should not merely charge that two hundred such ballots were cast. [State v. Clark, 134 Mo. 275, 35 S. W. 613.] And a defendant who is accused of corrupting jurors should be informed of the names of those jurors. [State v. Nunley, 185 Mo. 102, 83 S. W. 1074.] These and other cases of the same decree of pertinency do not put the stamp of insufficiency upon the information here in judgment.

Some statutes are so generic in their nature, that the general rule that it is sufficient to charge the crime in the language of the statute does not apply to indictments and informations drawn under those statutes. Of this class is the statute denouncing the offense of obtaining money under false pretenses, which was examined in State v. Crooker, 95 Mo. 389, 8 S. W. 422, and which was held unconstitutional in State v. Terry, 109 Mo. 601, 19 S. W. 206, insofar as it attempted to prescribe a form of sufficient description of the offense. Of the same sort is the statute defining a delinquent child as one under the age of seventeen years who knowingly associates with vicious or immoral persons. Quite properly it was held that an information was insufficient which charged that defendant was a delinquent child in that she did knowingly associate with vicious and immoral persons. [State v. Asher, 216 S. W. 1013.]

Felony of abortion, an offense of statutory origin, is described in the statute. The crime defined is the intent on the part of the accused to promote a miscarriage and the administration of any drug

or medicine or the use of any instrument or other method or device with that intent. Therefore an information in the language of the statute is sufficient. [State v. Anderson, 298 Mo. 382, 250 S. W. 68.]

Defendant in his motion for a new trial charged that the information was faulty, because it did not charge that the device was adapted to cause an abortion and it did not describe the instrument or device. In the case of State v. Van Houten, 37 Mo. 357, the indictment charged that the defendant administered to a named woman a large quantity of medicine with intent thereby to procure an abortion and miscarriage. On motion of defendant the trial court quashed the indictment because it did not state facts sufficient to constitute an offense. This court in an opinion by WAGNER, J., ruled that the trial court erred in quashing the indictment. The court, in its opinion said (37 Mo. l. c. 358):

"An indictment is generally good that charges the offense in the words of the statute creating it. The question to be tried is, whether the prisoner administered any kind of medicine to the woman with intent to procure abortion or miscarriage. The law does not require any particular kind, quantity or quality of medicine to be alleged; nor would it be necessary to prove such kind, quantity, or quality, on the trial."

The same reasoning should apply to an information charging the use of an instrument. And there are persuasive authorities in other jurisdictions expressly so holding in cases involving the use of instruments. [People v. T. Wah Hing, 15 Cal. App. 195, 114 Pac. 416; State v. Bly, 99 Minn. 74, 108 N. W. 833; Thomas v. State, 156 Ala. 166, 47 So. 257.] We hold that the information in the instant case stated facts sufficient to constitute the offense of felony of abortion.

III. Defendant contends that the order of the trial court in granting a new trial is justified upon another ground not stated in the order but thus assigned in the motion for a new trial:

"The court erred in giving instruction numbered one, as it is broader than the information in that it embraced the proposition of 'inserting such instrument and device into the womb,' which was not charged in the information."

The rule here invoked that instructions must not be broader than the information is limited to cases where it appears that the added specification in the instructions either misled the jury or cured a defective information. [State v. Bunyard, 253 Mo. 347, 161 S. W. 756; State v. Kyle, 177 Mo. 659, 76 S. W. 1014; State v. Smith, 119 Mo. 439, 24 S. W. 1000.] But in cases in which the error in the instruction does not mislead the jury or cure a defective information, and only places upon the State the burden of proving more than the law requires to justify conviction, the defendant cannot complain. [State v. Chauvin, 231 Mo. 31, 131 S. W. 243; State v. Wakefield, 73

Mo. 549.]  Instruction 1 is not cause for sustaining the motion for a new trial, the information having been held to be sufficient and the instruction not being calculated to mislead the jury.

IV.  For the error of the trial court in sustaining defendant's motion for a new trial, the cause is remanded with directions to the trial court to set aside its order sustaining the motion for a new trial, to enter a new order overruling said motion and reinstating the verdict of the jury, and to render final judgment accordingly.  *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court.  All of the judges concur.