STATE of Missouri, Appellant,

v.

M. M. TERRELL, Jr., Respondent.

No. 45790.

Supreme Court of Missouri, Division No. 2.

June 10, 1957.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for appellant.

John M. Belisle, Ralph P. Johnson, Osceola, for respondent.

BARRETT, Commissioner.

M. M. Terrell, Jr., was charged, by information in the Circuit Court of St. Clair County, with having violated Section 19 of the Wildlife Code. The trial court sustained his motion to quash the information and the state has appealed.

The respondent Terrell has filed a motion to dismiss the state's appeal. He contends that the state did not take the steps and follow the procedure set forth in Supreme Court Rules 1.34 and 28.01, 42 V.A.M.S., did not object to the action of the circuit court, did not file a motion for a new trial, for a rehearing or to vacate the order, that the prosecuting attorney did not pray for an appeal, and, therefore, that the appeal should be dismissed. He contends in any event that the state is not entitled to appeal from this judgment and order quashing the information.

The record recites that the motion to quash was "sustained and Information dismissed herein." While the caption, style and signature are not printed in the transcript, the notice of appeal, by which the appeal was lodged in this court, is signed "Morran D. Harris, Prosecuting Attorney of St. Clair Co., Attorney for State of Missouri." Rule 28.06 and Form No. 8 promulgated by the court, 42 V.A.M.S. There has been no judgment acquitting the defendant (State v. Berry, Mo., 298 S.W.2d 429), the court has simply quashed the information. The court's reason for quashing the information is not made to appear, the reasons assigned in the motion were that it failed to state an offense and that the particular section of the Wildlife Code is unconstitutional. But whatever the reason, the court "upon motion * * * adjudged" the information "insufficient" and the state was entitled to and has properly perfected its appeal. Sup.Ct.Rules 28.04, 28.06; V.A.M.S. §§ 547.200, 547.210; State v. Scarlett, Mo., 291 S.W.2d 138; State v. Getty, Mo., 273 S.W.2d 170; State v. Futrell, 329 Mo. 961, 46 S.W.2d 588. It is

possible that State v. Hughes, Mo.App., 223 S.W.2d 106, is distinguishable from this case on its facts, at least in certain respects, but in so far as it is not distinguishable from the cases cited above should not be followed. Accordingly the respondent's motion to dismiss the appeal is overruled.

The information charges that on March 11, 1955, Terrell, in St. Clair County, wilfully and unlawfully took game fish, to wit: four crappie from the "Osage River, below the Osceola Dam, and above the upper limit of the Lake of the Ozarks, (150 to 200 feet below the dam) as designated by the Conservation Commission, and not in the impounded waters of either the Lake of the Ozarks or Lake Sac-Osage, as so designated in the prescribed closed season, contrary to Sec. 19 of the Wildlife Code." It is not contended here that the facts set forth in the information do not state an offense within the meaning of the code, the point briefed and argued is whether the particular regulation is constitutional. In his motion to quash it is said that Section 19 is unconstitutional in that it "attempts to be special legislation and is not uniform in its application to all of the streams of Missouri and the right to fish therein. That the same is not uniform as to counties in its application and discrimination between certain sections of certain counties and between various counties" and so infringes Article I, Sections 1, 3, 10 and 13 of the Constitution of Missouri, V.A.M.S., and the Fifth and Fourteenth Amendments to the Constitution of the United States. It is also urged that the regulation violates these constitutional provisions in that it is arbitrary and unreasonable, meaning, presumably, as to classification. In short, the factual basis of the respondent's complaint is that in 1955 (the code has since been amended) the regulation prohibited fishing below the dam at Osceola in what is said to be the impounded waters of the Lake of the Ozarks while it permitted fishing in similar locations on other bodies of impounded water, for example, below the dam on White River

in Taney County in the impounded waters of Bull Shoals. Because of this distinction or differentiation it is urged that the regulation is unconstitutional.

In support of his motion to quash the respondent called two witnesses, a merchant in Osceola and a man connected with the abstract office. These gentlemen testified to meetings they had attended and to correspondence they had had with the Conservation Commission and its representatives. From maps made and sold by the "U. S. Geological Survey" these witnesses established, inferentially at least, that the water in question was within the impounded area of the Lake of the Ozarks. One of these men said, "The regulations say that you may fish in Bull Shoals, in the White River. And you can go down here on the White River below Power Site Dam and you can fish all the way down, and it's certainly running water and an identical situation with what we have right here in the Osage. The regulations say Table Rock Lake. There isn't such a lake." The state objected to the qualifications and competency of these witnesses and to their testimony but the substantive question of the consideration of extrinsic evidence to establish the unconstitutionality of a statute or regulation (annotation 82 L.Ed. 1244) is not raised upon this appeal.

 It is not claimed that the Wildlife Code or the provisions creating the Conservation Commission (Const.Mo. Art. 4, §§ 40–44) are unconstitutional (Ex parte Marsh v. Bartlett, 343 Mo. 526, 121 S.W.2d 737), it is only urged, as applied to the respondent in this particular case, that Section 19 "is discriminatory and void" because "it does not give equal rights and opportunities to the citizens of different counties in the state" and "denies equal protection of the laws to certain citizens of Missouri" contrary to the state and federal constitutions. But as to the latter claim, United States citizenship alone does not confer the right to fish in the streams and artificial lakes of Missouri, and so it does not appear upon this record that the regulation infringes any rights or privileges the respondent may have under the Constitution of the United States. Thomson v. Dana, D.C., 52 F.2d 759, 762. Statutes and regulations designed to conserve wildlife are distinguishable from most other regulatory measures; no fishing regulation could be so framed as to operate equally on all persons (22 Am.Jur., Sec. 35, p. 692), and so some discrimination in fish and game laws is permissible and constitutional if based on some reasonable ground or on some difference which bears a just relation to the attempted classification. 16A C.J.S., Constitutional Law §§ 477, 494, pp. 221, 255; 36 C.J.S. Fish §§ 27, 28, pp. 859, 861. Fishing laws classifying territory, permitting fishing on one stream or in one territorial area and denying it in others, have been upheld. Cawsey v. Brickey, 82 Wash. 653, 144 P. 938; Barker v. State Fish Com., 88 Wash. 73, 152 P. 537; State v. Blanchard, 96 Or. 79, 189 P. 421; People v. Zimberg, 321 Mich. 655, 33 N.W.2d 104; Thompson v. Dana, supra. Of course, even in fish and game laws, some classifications may be so arbitrary or result in such unreasonable discrimination as to infringe constitutional guaranties (State v. Hill, 98 Miss. 142, 53 So. 411, 31 L.R.A.,N.S., 490; Harper v. Galloway, 58 Fla. 255, 51 So. 226, 26 L.R.A.,N.S., 794), but the burden is upon the assailant of a statute or regulation to establish and demonstrate that the classification is arbitrary and unreasonable. 16 C.J.S. Constitutional Law §§ 84, 100c, pp. 255, 459; Park Transportation Co. v. Missouri State Highway Com., 332 Mo. 592, 60 S.W.2d 388. This is not to expressly say that Section 19 of the Wildlife Code is constitutional, but it is to say that its unconstitutionality is not plainly demonstrated upon this record. And, therefore, the circuit court erroneously quashed the information and the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.