W. D. TWICHELL v. PECOS & NORTHERN TEXAS RAILWAY COMPANY.

Decided June 11, 1910.

**1.—Carrier—Assault by One Passenger Upon Another—Liability.**

Whenever a carrier through its agents or servants knows or has opportunity to know of a threatened injury, or might have reasonably anticipated the happening of an injury, to a passenger and fails or neglects to take the proper precaution or to use proper means to prevent or mitigate such injury, the carrier is liable. Evidence considered, and held sufficient to raise a question of fact as to whether or not a railroad company was negligent in failing to prevent an assault by one passenger upon another.

**2.—Same—Actual Damages—Joint Liability.**

If a carrier is liable at all for damages resulting to a passenger from an assault and battery by a fellow passenger, it is jointly liable with the party committing the assault for the actual damages resulting therefrom. In a suit by a passenger against an assaulter and a carrier for actual damages, charge considered and held misleading because subject to the construction that a verdict for a less amount of actual damages might be returned against the carrier than against the assaulter.

**3.—Same—Due Care—Notice of Former Assault.**

The fact that the conductor and brakeman of a railroad company were notified that a certain passenger had previously committed an assault upon plaintiff and that plaintiff feared a repetition of the offense while on defendant's train, is a circumstance which might be considered by the jury in determining whether or not the railroad company exercised due care on the occasion in question to prevent the assault. Charge considered, and held error in excluding from the jury all consideration of a former assault.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Gustavus, Bowman & Jackson,* for W. D. Twichell.—In a joint action for a tort the damages should be assessed jointly against the defendants liable therefor for the full amount of damages for which the most culpable is liable. 2 Greenleaf on Evidence, section 277; 13 Cyc., 250; Thompson v. Albright, 14 S. W., 1020; Robertson v. Trammell, 83 S. W., 258.

A carrier guilty of negligence in not protecting a passenger from assault, is liable for the full amount of damages sustained, and giving a charge to the jury which authorizes the apportionment of the damages among joint defendants liable therefor, is error. Dillingham v. Russell, 73 Texas, 52; Galveston, H. & S. A. Ry. Co. v. Long, 36 S. W., 485; McCardell v. G. C. & S. F. Ry. Co., 102 S. W., 941.

*Terry, Cavin & Mills* and *Madden, Trulove & Kimbrough,* for Pecos & N. Texas Ry. Co.—There is no sufficient evidence to show actionable negligence upon the part of the railway company, or that it failed in any manner to exercise due care to anticipate and prevent the assault made upon Twichell by Childress. Houston & T. C. Ry. Co. v. Phillio, 96 Texas, 20; Gulf, C. & S. F. Ry. Co. v. Shields, 9 Texas Civ. App., 656, id., 28 S. W., 709; Galveston, H. & S. A. Ry. Co. v. Long, 13 Texas Civ. App., 665; Thweatt v. Ry. Co., 71 S. W., 976; Louisville & N. Ry. Co. v. McEwan, 31 S. W., 465; 2 Hutchinson on Carriers, p. 1124, sec. 980.

CONNER, CHIEF JUSTICE.—W. D. Twichell sued the Pecos & Northern Texas Railway Company and one J. W. Childress to recover ten thousand dollars damages alleged to have been sustained by Twichell while a passenger on one of the railway company's trains as a result of an assault made upon the plaintiff by Childress, who was also a passenger on such train. A jury trial resulted in a verdict and judg-

ment in favor of Twichell against Childress for five hundred dollars and against the railway company for fifty dollars, from this judgment both Twichell and the railway company have appealed and assign errors.

The only error assigned by the railway company is to the action of the court in refusing to give a peremptory instruction in its favor, the contention being that the evidence wholly failed to show any negligence on the part of the railway company. It is undisputed that appellant Twichell was a passenger on one of appellee's trains and that while thereon said Childress made a causeless and vicious assault upon appellant inflicting painful wounds and it must also be conceded that appellee owed appellant the duty of exercising a very high degree of care to have preserved him in safety from such an assault. The doctrine is that whenever a carrier through its agents or servants knows or has opportunity to know of a threatened injury or might have reasonably anticipated the happening of an injury to a passenger and fails or neglects to take the proper precaution, or to use proper means to prevent or mitigate such injury, the carrier is liable. See 5 Am. & Eng. Encyc. Law (2nd ed.), p. 553; Dillingham v. Russell, 73 Texas, 47; Thweatt v. H. E. & W. T. Ry. Co., 71 S. W., 976; McCardell v. G. C. & S. F. Ry. Co., 102 S. W., 941.

Tested by this rule we hardly feel prepared to say that the peremptory instruction should have been given. The evidence shows that both Twichell and Childress took passage on one of appellee's passenger trains at Amarillo; that in boarding the train Childress passed appellant without offering to do any violence and took his seat in a car other than the one upon which appellant rode and for the greater part of the time remained in his seat reading a newspaper; that on one or two occasions he passed forward through the car in which appellant was seated passing appellant without remark or offer of injury, but later returned, after the parties had proceeded some forty or fifty miles, committing the assault and battery complained of, and the conductor testified that he from time to time kept a look out to prevent any disturbance. There was, however, evidence further showing that just about the time appellant and Childress took passage at Amarillo, appellant and another addressed both the brakeman and the conductor stating that Childress had a few days prior thereto made an assault upon appellant and that it was feared he was boarding the train for the purpose of renewing the assault; that Childress had the reputation of being a vicious and dangerous man and that the conductor knew him. It was further shown that at the time of the assault no one of appellee's servants or employees were in the car where the assault took place, the brakeman being upon the rear end of the train and the conductor in the baggage car in front. Under these circumstances we think it was for the jury to say whether appellee's servants and employees had such knowledge of the character of Childress and such information of threatened assault as would create in the mind of a person of a very high de-

gree of prudence and care a reasonable anticipation of an assault and injury upon appellant, and if so, whether, notwithstanding the orderly demeanor of Childress just prior to the assault, such servants and employees under the circumstances exercised that high degree of care to prevent the assault that the law imposes. The court, therefore, properly rejected the peremptory instruction.

Appellant in turn assigns error to the following special instruction given at appellee's request, viz.:

"Explaining the 9th division or paragraph of the court's charge, wherein a form of a verdict is given, the jury are charged that they are not. bound, if you find against the railway company, to find against it the same amount of damages as against the defendant Childress, but you should find such amount against each separately, if any, as damages, as may have been caused by such respective defendant, the defendant railway company being liable only for the consequences of its own negligence, if any, in not anticipating and preventing injury to plaintiff at the hands of Childress."

We think the charge misleading, as urged in appellant's third proposition under the assignment raising the question. Regardless of the question of whether appellee and Childress were joint tort feasors in a technical sense, appellee was liable for the actual damage proximately resulting from its want of care, if any; and as nothing but actual damage seems to have been sued for, the charge is subject to the construction that the court thought something less might be awarded against appellee, and the jury may have so interpreted it.

We think, too, the seventh paragraph of the court's charge is too broadly stated. That paragraph is: "You are charged that you should consider that part of the testimony of the plaintiff Twichell in reference to a prior attempt of Childress to attack him only as against Childress. You can not consider it for any purpose as evidence against the defendant railway company." The court in all probability had in mind that part of appellant's testimony which detailed the circumstances of a prior difficulty between Childress and appellant, and if distinctly limited to this part of his testimony the charge would not be erroneous, inasmuch as there was no evidence tending to show that appellee had notice of anything beyond the mere fact that there had been a former difficulty. The fact of such former difficulty, however, had been repeated, as before stated, to appellee's conductor and brakeman by appellant as well as by other witnesses, and was proper for the consideration of the jury on the issue of whether appellee's servants in the exercise of due care should have anticipated the assault under consideration; but the charge was calculated to mislead the jury and cause it to possibly reject what appellant testified on the subject of information or warning to the conductor and brakeman.

For the errors indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*