PAAL v. THE CLEVELAND RY. CO.

*Carriers — Passenger assaulted by fellow passenger — Evidence to sustain liability — Knowledge by carrier's agents — Negligence per se — Violation of ordinance — Requiring street cars to be manned.*

1. The liability of a carrier for injuries inflicted upon a passenger by reason of an unprovoked assault by a fellow passenger, depends upon the presence or absence of evidence showing that the employes of the carrier knew, or by the exercise of due care should have known, from all the facts and circumstances, that injury to the passenger was threatened or impending; and in the absence of such evidence, it is not error for a trial court to enter nonsuit for the carrier at the conclusion of plaintiff's evidence.

2. A liability for negligence *per se,* for violating an ordinance requiring street cars to be manned by conductors for the better accommodation and protection of passengers, is not established in the absence of evidence proving negligence as above set forth.

(Decided March 25, 1918.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Preusser & Croke,* for plaintiff in error.
*Messrs. Squire, Sanders & Dempsey,* for defendant in error.

LIEGHLEY, J. The parties stood in the same order in the court below. The plaintiff, John Paal, filed his petition in the lower court asking for damages for injuries sustained by him while a passenger on a car of the defendant company, through an assault made on him by a fellow passenger. The case proceeded to trial and at the close of plaintiff's testimony, on motion of the defendant for a nonsuit, judgment was entered for the defendant. Error is prosecuted to this court to reverse the same.

It is claimed that the evidence offered on behalf of plaintiff was of such a character that the court should have submitted the case to the jury, and error is assigned for failure so to do.

The proof offered on behalf of the plaintiff clearly establishes the following situation:

That the plaintiff at about midnight boarded a westbound St. Clair avenue car at East 52d street and proceeded to the center of the street car, and, the car being crowded, remained standing; that as the car proceeded westward, at about 42d street, a passenger left the car and plaintiff took the seat at about the middle of the car; that certain alleged musicians were on the car at the time plaintiff boarded the same and occupied the rear platform thereof; that after plaintiff boarded the car these alleged musicians undertook to make music, and a fellow passenger, whose name is not given, but who will hereinafter be designated as "A," went through the car requesting donations from the passengers for the benefit of said musicians; that he went up one side of the car and then to the other side and approached a passenger, hereinafter designated as

"B," who was seated on the seat to the rear of plaintiff; that he requested a donation from B, who declined by offering him a drink from a bottle; that A then requested a donation from the plaintiff, who answered that he had paid his fare; that A completed his trip through the car for donations and returned to the rear platform where he delivered the cash collected to the musicians; that he then proceeded forward in the car to the place where B was seated and assaulted B; that plaintiff thereupon immediately touched the button to notify the conductor that he desired to leave the car, and A thereupon immediately assaulted plaintiff and violently beat him, inflicting injuries for which he seeks a recovery in this case; that up to the point of time that A assaulted B no threat had been made by A of violence to any one, nor were there any angry or harsh words used; and that the conductor was at all times at the rear of the car at his fare-box. These facts are clearly established by the plaintiff and his witness.

The rule governing such a situation seems to be that a carrier of passengers for hire is liable or not liable for an injury inflicted upon a passenger by reason of a third person making an unprovoked assault upon him dependent upon the presence or absence of evidence showing that the employes of the carrier knew, or by the exercise of due care should have known from all facts and circumstances in the case, that injury to the passenger was threatened or impending. The facts and circumstances of the case must disclose a situation such that the employes in the exercise of the highest degree of care should have anticipated the impending assault.

*Brown* v. *C., R. I. & P. Ry. Co.*, 139 Fed. Rep., 972; *Widener* v. *Philadelphia Rapid Transit Co.*, 224 Pa. St., 171; *Putnam* v. *Broadway & S. A. Rd. Co.*, 55 N. Y., 108, and *Twichell* v. *Pecos & N. T. Ry. Co.*, 131 S. W. Rep., 243.

The proof discloses that this car was crowded at the time, and that the mental attitude of the crowd was that of joviality, and not such as to indicate a likely quarrel or assault. The conductor was there present at his station in the midst of this hilarity, and it is conceded that no threats or angry words preceded the assault upon B, which was immediately followed by an assault upon plaintiff. The proof discloses no circumstance whatever which in the slightest degree would tend to challenge the notice of the conductor, or cause him or anyone else to apprehend that when A walked to the seat occupied by B he intended to make an assault. The proof shows that the assault upon plaintiff immediately followed the assault upon B. We think the court below is right in the finding that there was nothing in the proof to challenge the notice of the conductor of an impending assault, nor was there anything in the proof which could possibly arouse the suspicion of the conductor or anyone else that there would happen what in fact did thereafter happen. There is nothing disclosed in the proof which would cause any reasonably prudent person in the exercise of the highest degree of care under the circumstances to anticipate this assault.

Our attention is called to the fact of the existence of a city ordinance which requires that each car shall have thereon a conductor, for the purpose of collecting fares and for the better accommodation

and protection of passengers and the public.   Our attention is also called to the law of the state that a violation of a city traffic ordinance is negligence *per se*.   However, we do not understand that the existence of this ordinance, nor the law as established by the case of *Schell* v. *DuBois, Admr.,* 94 Ohio St., 93, in any sense modifies the rule established by the cases above cited.   The rights and duties of this conductor of this street car, and each one of his passengers, remain the same and are controlled by the rule established by the cases above cited, notwithstanding this ordinance and this decision last cited.   Of course, if the conductor was negligent under the rule established by the cases, the same would be negligence *per se* under the decision last cited.

The judgment of the court below is affirmed.

*Judgment affirmed.*

GRANT and DUNLAP, JJ., concur.