THE STATE OF MISSOURI, Appellant, v. WILLIAM COX, Respondent.

St. Louis Court of Appeals, January 27, 1891.

Criminal Law : INFORMATION FOR ASSAULT. An information for a common assault, which charges the offense in general terms, without charging any particular intent, is sufficient.

*Appeal from the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED.

*John C. Moore*, Prosecuting Attorney, for appellant.

*Smoot & Pettingill*, for respondent.

ROMBAUER, P. J.—This is a criminal information for a *common assault*, commenced before a justice of the peace, wherein the defendant was convicted. The circuit court upon appeal sustained a demurrer to the information, and the state has appealed.

The words of the information, which charge the offense, are as follows: "Did unlawfully make an assault with an axe, raised in an attitude to strike, on one George F. Shanks, then and there being against the peace and dignity of the state." As the defendant is not represented by counsel, we are not advised what particular objections were made to the information below, but we assume that the information was deemed insufficient, either because it did not sufficiently specify the manner in which the assault was made, or else because it failed to charge a criminal intent. No other objections are conceivable.

The statute provides: "Any person who shall assault or beat or wound another under such circumstances as not to constitute any other defense herein defined," etc. R. S. 1879, sec. 1265. This information, therefore, not only charges the offense in the words of the statute, which is generally deemed sufficient, but also describes the manner of the assault in general terms. It was only recently held in *State v. Clayton*, 100 Mo. 516, that the rule in this state is as at common law, namely, that a common assault may be charged in general terms without specifying the means by which the assault was made, and such we conceive has always been the law of this state since *State v. Bray*, 1 Mo. 180, where, although neither the manner of the assault nor the weapon was described, the indictment was held sufficient. The first part of the above

section uses the word assault as a well-known word designating the act and not the offense, just as the words beat and wound are used. An assault in that sense is a violent attack with physical means (Webster), and the term is commonly thus understood.

The rule at common law always was to charge a common assault in general terms, without charging any particular intent. The particular intent is essential only when it constitutes the gist of the offense, as there the grade of the offense depends on the particular intent with which it is committed. Even were it necessary to negative the lawfulness of the intent, this is sufficiently done here by charging that the assault was *unlawfully* made. When, therefore, in the case at bar the information states "that the defendant did unlawfully make an assault with an axe, raised in an attitude to strike, on one George F. Shanks," and further states the time and place of the occurrence, it states all that common sense, and much more than the common law, requires that it should state, and fully advises the defendant what offense he is charged with and should defend against. What else can the information state? Shall it further allege that it was made with intent then and there to strike the said Shanks, and thereby confine the state to proof of an actual intention to *strike*, whereas, under all the authorities, an intention to put him in great bodily fear would equally amount to an assault. If the state would set out the intention with unnecessary particularity of detail, when the particular intention is not essential to establish the grade of the offense, it might be held, as it actually was held in one case, that the proof of another though equally criminal intention was a fatal variance. The proposition is preposterous.

It is suggested that the trial court was led to its ruling by some remarks made in *State v. Sears*, 86 Mo. 170. *The point in judgment* there was, whether a certain *instruction* given for the state was correct. No

question arose on the sufficiency of the *indictment*, which was for a felonious assault, and which was conceded to be sufficient. Judge HENRY in criticising the instruction, which was given on the theory of a common assault, says, *arguendo*, that, if the indictment had charged the defendant with no more than what the jury were required to find under the instruction in order to convict him, it would have been defective. Judge HENRY nowhere states, and certainly could not have even intimated, that the indictment would have been insufficient, unless a particular intention was stated therein, because, in so doing, he would have set aside the unquestioned rule of the common law and a long line of unbroken and uniform precedents running back to the middle ages. I have examined every case cited in the opinion, and find that only in one of them, *Johnson v. State*, 35 Ala. 363, is the material portion of the indictment set out in the opinion, and in that case *no intent is charged.* The question of the necessity of setting out a particular intent in an indictment or information for a common assault is not even discussed in any of these cases, nor do I find it discussed anywhere, all courts assuming, as well they might under the uniform practice, that it was unnecessary.

The forms given by text-writers well advised are : " Did make an assault, and him, the said C. D., then did beat." 1 Arch. Crim. Pr. & Pl. 915, 926. " Did make an assault, and him the, said J. H., then and there did beat," etc. 3 Chitty Crim. Law, 821. It was usual to allege a battery in connection with the assault, so that, if no battery could be shown, the defendant might be convicted of the assault alone. Wharton's Crim. Law [ 8 Ed.] sec. 640. The only form for a common assault without battery is given in 1 Wharton's Precedents of Indictments, page 244, form 214, and is as follows : " That A. B. of —— in the county of —— laborer on, etc., with force and arms at —— in the county aforesaid, in and upon one C. D., with a certain

offensive weapon called a cane, did make an assault, and other wrongs to the said C. D. then and there did and committed, to the great injury of him, the said C. D."

In *Bloomer v. State*, 3 Sneed, 66, a man was convicted on an indictment, which is set out in the report, and which states no intent and no battery, and Judge HARRIS, delivering the opinion of the court, held the indictment sufficient. In *State v. Burt*, 25 Vt. 373, the indictment is set out in the report, and states an "assault did make," no intent being stated in the indictment; the defendant was convicted, and RED-FIELD, C. J., held that the indictment was sufficient.

The law never required the same particularity in indictments for misdemeanors, as it did in those for felonies, and omissions even may be supplied in the former by intendment. *State v. Edwards*, 19 Mo. 674. To indictments for this class of offenses the remarks of that great and good man, Sir MATTHEW HALE, are particularly applicable: " More offenders escape by the over easy ear given to exceptions in indictments than by their own innocence, and many times * * * heinous and crying offenses escape by these unseemly niceties, to the reproach of the law, to the shame of the government and to the encouragement of villany, and to the dishonor of God. And it were very fit that by some law this overgrown curiosity and nicety were reformed, which is now become the disease of the law, and will I fear, in time, grow mortal without some timely remedy." 2 Hale, P. C. 193.

The indictment in this case is sufficient, and the demurrer to it was improperly sustained. It results that the judgment must be reversed, and the cause remanded for further proceedings in conformity with this opinion. So ordered. All the judges concur.