THE STATE OF MISSOURI, Appellant, v. FRED MATHEIS, Respondent.

**St. Louis Court of Appeals, March 24, 1891.**

1. **Criminal Law: SLANDER : INFORMATION.** An information need not, in describing the offense charged, use the exact words of the statute ; it is sufficient to use words equivalent in meaning. This rule is applied in this cause to an information for criminal slander which charged a female with whoredom, and failed to state in express terms that the words imputing whoredom had been falsely spoken, but did state so in substance.

2. ——— : ——— : ———. When in such a cause the slanderous words are alleged to have been spoken in a foreign language, it is not sufficient for the information to state their purport, but the information must allege or show that the words were spoken in the presence of a person who understood the foreign language.

*Appeal from St. Louis Court of Criminal Correction.*
HON. R. A. CAMPBELL, Judge.

AFFIRMED.

*Bernard Dierkes*, Prosecuting Attorney, and *P. W. Fauntleroy*, for appellant.

*Martin & Bass*, for respondent.

ROMBAUER, P. J.—Section 3868 of the Revised Statutes provides : " Every person who shall falsely and maliciously charge or accuse any female of * * * whoredom, by falsely speaking of and concerning such female, in the presence and hearing of any other person or persons, any false and slanderous words which shall impute to her any such offense * * * shall be deemed guilty of a misdemeanor."

Under this statute an information was filed against the defendant, which stated that he did falsely and maliciously charge a married woman ( naming her ) with

whoredom, by then and there in the presence and hearing of other persons (naming them) speaking the following false and slanderous words in the German language imputing to her the offense aforesaid. The information sets out the words spoken in German, and their translation into English. It is conceded that the words set out impute the offense, but the information is challenged because it fails to state that the parties, in whose presence the words were spoken, understood the German language, or that the words were translated to anyone. It is also challenged on the further ground, that the information fails to state that the words were falsely spoken.

The defendant was convicted in the trial court, and his motion for a new trial was overruled, but his motion in arrest of judgment was sustained for insufficiency of the information.

The second objection made to the information is clearly untenable. It has been held that ordinarily it is sufficient to follow the language of the statute in describing the offense in the indictment or information, but it has never been held that the exact words must be used. It is sufficient to use words equivalent in meaning. *State v. Clawson*, 30 Mo. App. 139, and cases cited. When the information in this case states that the defendant did "falsely charge" by giving utterance to false words, it necessarily implies that the words were falsely spoken. That such an omission in an indictment for a misdemeanor may be helped by intendment has been decided in *State v. Edwards*, 19 Mo. 674, and again by ourselves in *State v. Cox*, 43 Mo. App 328. Such an omission, within the purview of section 4115 of the Revised Statutes, is merely a defect or imperfection, which does not tend to the prejudice of the substantial rights of the defendant upon the merits, and hence does not invalidate the information.

The first objection, however, is serious. It is true that by a long line of adjudications in this state, it has

been held generally sufficient to charge an offense in the words of the statute, but that has been in cases where the words of the statute are in themselves sufficient to charge the constituent parts of the offense. The offense sought to be charged in this case is classified by the statute as one against public morals, decency or the public peace. Under another part of the same statute an information was held insufficient, although it followed the language of the statute, because it failed to set out the obscene matter contained in the publication, although the statute did not in terms require that it should be set out. *State v. Hayward*, 83 Mo. 299. If the information in this case had only stated that the defendant had falsely and maliciously charged the female with the offense of whoredom, without containing the words which embodied the charge, it would have been clearly insufficient under the above decision, yet it would even in that event have followed the language of the statute, which does not require that the words spoken should be set out. The discussion of this question in *State v. Fare*, 39 Mo. App. 110, and *State v. Buck*, 43 Mo. App. 443, is in conformity with these views.

It has always been a rule of pleading that in a civil action for slander, where the words spoken are those of a foreign language, the declaration must state that those, in whose presence the words were spoken, understood them, and that, if it fails to do so, it is fatally defective. Publication is as essential to constitute slander, as it is to constitute libel. There is no presumption in a criminal any more than in a civil case, that words spoken in a foreign language are understood by the hearers, nor can we conceive how this crime can be committed, unless the words spoken are understood by some one to charge an offense. Counsel for the state earnestly contends that it is unnecessary that the fact, that the hearers understood words spoken in a foreign language, should be shown even on the trial, because they may be repeated to some one who did understand them. The

The State ex rel. Planet P. & F. Co. v. Harrington.

rule in civil cases is certainly different. Mr. Starkie says that it is necessary in an action for damages to prove "that the hearers understood the language, for it will not be presumed that, being ignorant of the words, they afterwards discussed them with persons who understood them." Starkie on Slander, sec. 567. And this view is quoted with approval by Judge SHARSWOOD in *Palmer v. Harris*, 60 Pa. St. 156. If it is necessary in a civil case to show this fact, it is certainly necessary in a criminal one, where the defendant has the benefit of every reasonable doubt.

These considerations lead us to conclude that the trial court committed no error in sustaining the defendant's motion in arrest, and that its judgment must accordingly be affirmed. So ordered. All the judges concur.