STATE OF MISSOURI, Respondent, v. STUART and VOLLMER, Appellants.

**St. Louis Court of Appeals, January 30, 1906.**

1. **CRIMINAL PRACTICE:** Weight of Evidence: Jury. In a criminal as well as in a civil case the weight of evidence is for the jury, and where there is substantial evidence of a defendant's guilt, a demurrer to the evidence should not be sustained.

2. ———: ———: Verdict. And where there is substantial evidence to support a verdict of guilty in a criminal case, which verdict is approved by the trial court in overruling a motion for new trial, the appellate court will not disturb it.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Bond & Bond* and *Robert L. Shackelford* for appellants.

(1) The verdict and judgment convicting appellant Volimer of common assault and battery in the manner charged in the indictment is not supported by any evidence whatever sufficient to warrant a conviction of crime, and as to this appellant at least the judgment ought to be reversed, because there is no evidence sufficient to sustain it. State v. King, 174 Mo. 647. (2) Where the verdict of a jury in a criminal case evidently results, not from calmly weighing the evidence, but from prejudice or ill will against the defendants, the verdict and judgment will be reversed on appeal, and a new trial granted. State v. Prendible, 165 Mo. 329; State v. Hough, 161 Mo. 459; State v. Packwood, 26 Mo. 340; State v. Brosius, 39 Mo. 534; State v. Mansfield, 41 Mo. 470; State v. Dauhert, 42 Mo. 238; State

v. Marshall, 47 Mo. 378; State v. Burgdorf, 53 Mo. 65; State v. Jager, 66 Mo. 173; State v. Carter, 93 Mo. 242; State v. Primm, 98 Mo. 368. (3) Where upon the whole record it appears that there is not sufficient evidence to support a conviction for a crime, the verdict and judgment will be set aside on appeal, and the defendants discharged. Garrett v. Greenwell, 92 Mo. 120; State v. Mahan, 138 Mo. 112; State v. Greenipain, 70 Mo. App. 468.

BLAND, P. J.—The grand jury of St. Louis county preferred an indictment against the defendants, charging that at said county, on September 1, 1903, defendants made a felonious assault on William A. Trent, with a deadly weapon, with the felonious intent to kill him, said Trent. Defendants entered a plea of not guilty and were put upon trial, which resulted in a verdict finding them guilty of common assault. Judgment and sentence followed the verdict, from which, after an unsuccessful motion for new trial, defendants appealed.

Trent, it appears, had left the county and was not present at the trial.

William Morische, the principal witness for the State, testified that he owned Morische's Grove, in St. Louis county, located near the grounds of the Delmar Jockey Club, and at the time of the difficulty Trent was his cook; that on September 1, 1903, at about 3 p. m., he and Trent started to the Jockey Club, walking on the track of the Suburban Railway Company; that when they got in back of the paddock of the Jockey Club, Stuart and Vollmer, addressing them, said: "Here comes the sons of bitches now, don't you follow us," and Trent said: "We ain't following you and we ain't sons of bitches either." With that Stuart pulled a gun out of his pocket and came towards Trent. Witness stated that he then ran about forty or fifty feet, dropped his hat and started back for it and saw Stuart and Trent

fighting and saw something that looked like a gun in the hands of both Stuart and Vollmer, and heard a pistol shot about the time the fight commenced; that Vollmer was forty or fifty feet away when the fight began but came up during its progress and took part in it, and when Trent had Stuart down in a ditch, Vollmer took hold of Trent, beating and pulling him off of Stuart; that Vollmer beat Trent with something that looked like a revolver; that Trent was bruised and cut about the face and was bleeding profusely, and he helped him on a car and took him home; that he did not know who fired the shot but was certain it was fired before the men rolled into the ditch. Witness also testified that Vollmer mixed in the fight before the parties rolled into the ditch.

The physicians who attended Trent said his injuries were flesh wounds, not of a serious nature.

George Merida testified for the State, that he saw the three men fighting and roll into the ditch, but could not tell one from the other; that one of them had a gun in his hands.

George Angelin also testified, that he heard there was trouble and went to the scene; that when he arrived two of the men were rolling into the ditch and the other was standing by; that he saw nothing further of the fight until some men pulled Trent out of the ditch and he then saw that Trent was cut and bruised about the face and was bleeding; that he saw nothing of the fight until the shot was fired.

For the defense, the evidence tends to show that Trent was about twenty-five or six years of age, was a large, strong, muscular man and that Stuart was weak and sickly; that in the fight Stuart was backing and Trent was following him up and the two finally rolled into a ditch; that Vollmer was some distance away but came up after Stuart and Trent rolled into the ditch and then pulled Trent off of Stuart, but did not strike Trent; that no shot was fired until after the men rolled

into the ditch; that Stuart came out of the fight dirty and bloody, with his clothing torn; that Vollmer had nothing in his hands and all that he did was to pull Trent off of Stuart; that Stuart tried to get away from Trent and kept backing off from him but Trent followed him up and "clinched him," and then they both rolled into the ditch.

At the close of all the evidence, the defendants offered an instruction in the nature of a demurrer to the evidence. The refusal of the court to grant this instruction is assigned as error. It is the well-settled rule in this State, that the weight of evidence in a criminal, as well as in a civil cause is for the jury and when there is any substantial evidence of defendant's guilt, an instruction in the nature of a demurrer to the evidence should not be given. [State v. Warner, 74 Mo. 83; State v. Pollard, 174 Mo. 607, 74 S. W. 969; State v. Forrester, 63 Mo. App. 530.]

Defendants' counsel contends, with great force and zeal, that there is no substantial evidence that Vollmer took any part in the fight, other than as a peacemaker, and seize up the following excerpt from Morische's testimony on cross-examination as conclusive of this fact, to-wit: "Q. And what did you notice Vollmer do when he came up where they were, what were his actions? A. He beat Trent to get him loose." This evidence should be considered along with the other evidence of the witness. In his direct examination he was asked the following questions: "When you turned and looked back both of them (referring to Stuart and Vollmer) were up there? A. They were both fighting in the middle of the Suburban right of way and both fought right into the ditch. Q. You mean the two defendants with Trent? A. Yes, sir." Witness further testified that Vollmer had something in his hands that looked like a pistol. Now, it may be that Vollmer was forced to strike Trent with the pistol or some other weapon to get him off of Stuart to prevent him (Trent) from

doing Stuart great bodily harm; but whether or not he was an active participant in the fight, as aider and abettor of Stuart, or merely a peacemaker, was submitted to the jury under appropriate instructions.  The jury found against defendants' contention and there is substantial evidence to support its finding, and the trial court approved the verdict by overruling the motion for new trial.  This is the end of the matter, for appellate courts will not invade the province of the jury to pass upon the credibility of witnesses or weigh their evidence. [Kingman v. Waugh, 139 Mo. 360, 40 S. W. 884; Chouquette v. Railroad, 152 Mo. 257, 53 S. W. 897; Williams v. Railroad, 153 Mo. 487, 54 S. W. 689; Chitty v. Railway, 166 Mo. 435, 65 S. W. 959; Downing v. Railway, 70 Mo. App. 657; Tower v. Pauley, 76 Mo. App. 287; Land & Lumber Co. v. Tie Company, 79 Mo. App. 543; Temple v. Railway, 83 Mo. App. 64; Colyer v. Railway, 93 Mo. App. 147.]

It is contended that the verdict is the result of passion and prejudice.  There is nothing in the record to convince us that the verdict is other than the result of the cool and dispassionate judgment of the jury.  The case was fairly tried and the issues were fairly and intelligently submitted by the instructions given.  It appears to us that the verdict was reached by reason of the fact that the jury gave the greater weight to the evidence of the witnesses for the State.

Discovering no reversible error in the record, the judgment is affirmed.  All concur.