## STATE OF MISSOURI, Respondent, v. J. A. SNIDER, Appellant.

### Springfield Court of Appeals, December 5, 1910.

1. **CRIMINAL LAW: Information: Local Option Law.** An information charging defendant with violating the Local Option Law alleged that on the 13th day of July, 1905, the Local Option Law had been adopted and that defendant illegally sold intoxicating liquor on August 5, 1909. *Held*, that while the information is not worded just as it should be, its allegations are sufficient to show that the Local Option Law was in force on August 5, 1909.

2. **WITNESSES: Criminal Law: Impeaching Defendant.** Where the defendant becomes a witness in his own behalf, testimony is admissible to show his general moral character, and his reputation as a law abiding citizen in the neighborhood in which he resides.

3. **INSTRUCTIONS: Criminal Law: Presumption of Innocence.** In a criminal case the defendant requested the court to instruct the jury that the law presumed the innocence and not the guilt of the defendant. The court did not give the instruction but did give a very fair instruction on reasonable doubt. *Held*, it was not reversible error to refuse to give the instruction requested by defendant.

4. **APPEAL AND ERROR: Remarks of Counsel: Saving Objections.** Where the record fails to show that any objections were made to the remarks of the prosecuting attorney at the time, but the objections first appeared in a motion for a new trial, and there is no proof in the record that the objectionable remarks were made, they are not before the appellate court for review.

Appeal from Christian Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*G. A. Watson, S. E. Bronson, G. Purd Hays* for appellant.

(1) The motion to quash should have been sustained. The information fails to charge that the Local Option Law was in force in Christian county at the time of the alleged sale of the whiskey by defendant.

State v. Bengsch, 107 Mo. 104; State v. Searcy, 39 Mo. App. 407; State v. Prather, 41 Mo. App. 458; State v. Hutton, 39 Mo. App. 415; State v. Hall, 130 Mo. App. 170; State v. Dergan, 110 Mo. 143; Sherwood, Criminal Law, 836, 742; Kelley's Criminal Law, secs. 1084, 1085. (2) It is one of the tests of the insufficiency of an indictment or information that every allegation may be taken to be true and yet the defendant be guilty of no offense. State v. Broider, 90 Mo. App. 156; State v. Baskett, 52 Mo. App. 389; State v. Morrison, 64 Mo. App. 507; State v. Ruthven, 19 Mo. 383; State v. Kirby, 115 Mo. 440; State v. Runzi, 105 Mo. App. 330; State v. Drumm, 156 Mo. 216; State v. Hogan, 164 Mo. 654; State v. Thierup, 167 Mo. 429. (3) It was necessary for the state to prove that the Local Option Law was in force in Christian county at the time of the alleged sale and nothing less than a positive and specific charge of this fact will suffice in the information. State v. Kelley, 170 Mo. 151; State v. Phelan, 159 Mo. 122; State v. Hubbert, 170 Mo. 346; State v. Saunders, 63 Mo. 482. (4) The court erred in permitting the state, over the objections of the defendant, to put the reputation of defendant in issue before the jury, before the question was raised by the defendant. The state did not confine its examination to general moral character of defendant. Kelley's Criminal Law (2 Ed.), sec. 252; State v. Creson, 38 Mo. 372; State v. Martin, 74 Mo. 547; State v. Kennedy, 177 Mo. 98; State v. Beckner, 195 Mo. 281.

*Fred W. Barrett* for respondent.

(1) The information follows approved forms and is sufficient and valid. Kelley's Criminal Law, 757; State v. Searcy, 39 Mo. App. 407; State v. Hutton, 39 Mo. App. 415. (2) The information need not expressly charge that the law was in force in the county when defendant sold the liquor, whether or not the law was in force being a legal conclusion to be drawn from

the facts alleged. State v. Hitchcock, 124 Mo. App. 101; State v. Foreman, 121 Mo. App. 502; State v. Hall, 130 Mo. App. 170. (3) When the question of local option has been determined, it cannot be submitted again for four years. R. S. 1909, sec. 7244. (4) It requires four weeks of publication of the notice of the election and four weeks of its result. R. S. 1909, secs. 7240, 7242. (5) The court will take judicial notice of a public statute. State v. Foreman, 121 Mo. App. 502. (6) The alleged improper remarks of the prosecuting attorney are not preserved in the bill of exceptions. Misconduct of counsel, though raised in the motion for a new trial, will not be reviewed where the facts or language are not preserved in the bill of exceptions or otherwise proved. State v. Woodward, 171 Mo. 593; State v. Taylor, 98 Mo. 240; State v. Brooks, 202 Mo. 106.

GRAY, J.—The defendant was convicted in the circuit court of Christian county, of the offense of selling intoxicating liquors in violation of the Local Option Law. He has appealed to this court and insists that the information against him is insufficient in that it fails to charge that the Local Option Law was in force in the county at the date he is alleged to have violated the law. The information charges "that on the 13th day of July, 1905, at the county of Christian, the Act of the Legislature of the State of Missouri, approved on the 5th day of April, 1887, commonly known as the Local Option Law, being article three, chapter twenty-two, of the Revised Statutes of 1899, of said state, had been adopted and was and is in force as the law of the state, within the county of Christian, there being no city in Christian county having a population of twenty-five hundred inhabitants or more, and that on or about the 5th day of August, 1909, in the said county of Christian in the State of Missouri, one J. A. Snider did then and there unlawfully

sell, give away, barter and dispose of intoxicating liquors, to-wit: One-half pint of whiskey,'' etc. The information was filed on the 9th day of August, 1909.

It has been ruled in this state that the information charging a violation of the Local Option Law must allege either the facts showing the Local Option Law had been adopted on a particular day, or allege that · the law was adopted on a particular day and was in force on the day on which the offense was charged to have been committed. [State v. Hall, 130 Mo. App. 170, 108 S. W. 1077.]

In case of minor offenses, the same nicety ·is not required in drawing indictments or informations as is required in charging common law felonies. [State v. Seiberling, 143 Mo. App. 318, 127 S. W. 106.]

While the information is not worded just as it should be, yet we think its allegations are sufficient to show that the Local Option Law was in force on August 5, 1909. The information charges that on the 13th day of July, the law had been adopted and was and is in force as the law of the state. If the prosecutor was not relying on the law being in force on August 5, 1909, from the fact that it had been adopted on the 13th day of July, 1905, then all the allegations relating to the adoption of the law on the 13th day of July, 1905, were useless in the information.

We think when all the language of the information is considered, it shows that the prosecutor intended to charge that the law was adopted on the 13th day of July, 1905, and continued in force up to and including the day the information was filed. If the law was adopted on the 13th day of July, 1905, and was in force on the 9th day of August, 1909, then there could have been no period between those dates when it was not in force.

The information charged the law was in force on the 13th day of July, 1905, and if an election had been held the next day and the law rejected, then

another vote could not have been taken until July 14, 1909, and using common knowledge that the result of that election would not have been declared before three days after the day of election, and then giving the time provided by law for the publication of the result of the election before the law went into effect, it will be seen that it could not have been in effect on the 9th day of August, if the law had been rejected by a vote between July 13, 1905 and August 9, 1909.

The court permitted the state to offer evidence of the general reputation of the defendant in the neighborhood in which he resided for morality and as a law-abiding citizen, and the defendant complains of that action. The defendant was a witness in his own behalf, and the testimony was admissible. The inquiry was limited to the general moral character of the defendant and his reputation as a law-abiding citizen. [State v. Oliphant, 128 Mo. App. 252, 107 S. W. 32; State v. Beckner, 194 Mo. 281, 91 S. W. 892; State v. Barnett, 203 Mo. l. c. 657, 102 S. W. 506; State v. Priest, 215 Mo. 1, 114 S. W. 949.]

The defendant requested the court to instruct the jury that the law presumed the innocence and not the guilt of the defendant. The court did not give the instruction, but did give a very fair instruction on reasonable doubt. It was not reversible error to refuse to so instruct. [State v. Maupin, 196 Mo. 164, 93 S. W. 379.]

Some objections are raised to the remarks of the prosecuting attorney in his closing argument to the jury. The record discloses that no objections were made to the remarks at the time they were made, but the objections first appeared in the motion for new trial, and there is no proof in the record that the objectionable remarks were made. Under the circumstances, the question is not before us for review. [State v. Brooks, 202 Mo. l. c. 118, 100 S. W. 416.]

The evidence offered conclusively shows the Local Option Law was adopted in Christian county on the 13th day of July, 1905, and was in full force on the 5th day of August, 1909. The verdict is supported by substantial testimony and the instructions of the court are free from substantial error, and the defendant was accorded a fair trial, and under the circumstances, it is our duty to affirm the judgment and the same is accordingly done. All concur.