STATE OF MISSOURI, Defendant in Error, v. CHRIS. FEITZ, Plaintiff in Error.

Kansas City Court of Appeals, April 3, 1911.

1. INDICTMENT: Date: Clerical Error. Where the dates set out in an indictment show that an offense was committed before the adoption of the law, but the indictment recites the offense was committed afterwards, and while said law was in force, the date will be regarded as a clerical inadvertence and the indictment is not bad.

2. INSTRUCTION: Non-reversible Error. It is error to give an instruction for the state purporting to cover the whole case and directing a verdict, without including a hypothesis which if true would clear the defendant. But if such omitted matter has been proven without question, the error is not reversible.

3. TOWNSHIP ORGANIZATION: Evidence of Adoption. Proof by the records of the county court of the return of the election on the township organization law, its casting up by the court and certified result of majority in its favor, is sufficient evidence to show prima facie that it was adopted.

4. INSTRUCTION: Maximum and Minimum Punishment. If an instruction for the state setting out the punishment which may be inflicted for obstructing a public road, correctly states the minimum punishment but places the maximum at less than the law would allow, and the verdict is for the minimum, the error is in defendant's favor and is not reversible.

5. PUBLIC ROAD: Dedication: Adverse User. Where adjoining proprietors fence their lands with rail fences, leaving a way between as a public road, which is used and worked for twenty-five or thirty years, when hedge fences are then built just inside the rail fences and the latter are allowed to rot down, the hedges becoming the boundaries of the road for near thirty

years; it was held sufficient evidence of dedication and public user to constitute a public road bounded by the two hedge fences, and that it was an unlawful obstruction for the abutting owner to afterwards erect a post and wire fence a few feet outside of the hedge fence; and in such case it is not necessary for the state to show that the entire space of the highway was worked or travelled.

Writ of Error to Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Lozier, Morris & Atwood* for plaintiff in error.

(1) The indictment in this case is insufficient in rorm and substance. Its allegations are inconsistent and repugnant. State v. Hamilton, 65 Mo. 659; State v. Harris, 209 Mo. 436; State v. Flint, 62 Mo. 399; State v. Lockwood, 119 Mo. 463; State v. Samuels, 144 Mo. 73; State v. Leonard, 171 Mo. 627; State v. Weyland, 162 Mo. App. 723. (2) The state failed to prove that township organization had been legally adopted and was in force in Chariton county January 22, 1908. R. S. 1899, sec. 10225; Rousey v. Wood, 63 Mo. App. 460; Rousey v. Wood, 57 Mo. App. 650; State v. McCord, 124 Mo. App. 63; State v. Macy, 72 Mo. App. 427; State v. Harris, 209 Mo. l. c. 436. (3) The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence offered at the close of all of the evidence in the case, because there was no evidence that the strip of land between the old fence and the new fence erected by defendant had been dedicated to the public; there was no evidence that said strip of land had been acquired by the public by limitation or user. Moore v. Hawk, 57 Mo. App. 495; State v. Hood, 126 S. W. 992; Landis v. Hamilton, 77 Mo. 554; McShane v. City of Moberly, 79 Mo. 45; City of Kansas, to use, v. Ratekin, 30 Mo. App. 423. (4) Where the verdict, as in this case, is not supported by substantial evidence, it

is the duty of the appellate court to reverse the judgment. ·Ettlinger v. Kahn, 134 Mo. 497; Moore v. Hawk, 57 Mo. App. 501; Long v. Moon, 107 Mo. 334; Landis v. Hamilton, 77 Mo. 554; Garnett v. City of Slater, 56 Mo. App. 213.

*J. A. Collet* and *Roy U. Rucker* for defendant in error.

(1) The indictment in this case is sufficient. Mere clerical errors do not invalidate an indictment. State v. Burnett, 81 Mo. 121; State v. Crawford,. 99 Mo. 77; R. S. 1909, sec. 5115. (2) The introduction of the record of the county court showing that a majority of the legal voters of Chariton county voted for township organization proved, prima facie, the adoption of township organization. R. S. 1909, sec. 11655. (3) The court properly overruled defendant's instruction in the nature of a demurrer offered at the conclusion of all the evidence. Such instruction should only be given where there is a total failure of proof to support the charge in the indictment. State v. Richardson, 117 Mo. 586; State v. Moxley, 115 Mo. 644; State v. Evans, 124 Mo. 396. (4) The defendant has no grounds for complaint on account of the giving of instruction No. 1, for the state, because before the jury could assess any punishment they had to first find defendant guilty, and having found him guilty; assessed the punishment prescribed by law in counties acting under township organization. State v. Alfrey, 124 Mo. 396; State v. Gilson, 114 Mo. App. 652; R. S. 1899, sec. 10354. (5) The court properly instructed the jury that if they found and believed from the evidence beyond a reasonable doubt that the strip of land between the hedge fence and the new fence erected by defendant has been dedicated to the public, or that said strip of land had been acquired by the public by limitation and user, and that defendant thereafter obstructed the public road thus acquired, they should

find him guilty as charged in the indictment. State v. Muir, 136 Mo. App. 118.

ELLISON, J.—The defendant was indicted and convicted for obstructing a public road in Chariton county.

The indictment alleges that Chariton county had adopted the Township Organization Law and then charges that in violation of such law defendant obstructed the road. The allegation of the time of adoption of the law and the time the offense was committed is in these words: "That on the 6th day of November, 1908, . . . township organization law was duly adopted in said county of Chariton, . . . that *afterwards, to-wit*, on or about the 22d day of January, *1908, when said law was in full force and effect* in said county," defendant did unlawfully, etc. (Italics ours.) It will be observed that the dates set out in the indictment make the offense committed against the law in the month of January, preceding the adoption of the law. But it is apparent that this is a mere clerical error in the year of the adoption of the law; for it is alleged that after the adoption of the law the offense was committed; and that the offense was committed while the law was in force. We therefore conclude that the error is cured by section 5115, Revised Statutes 1909. [State v. Burnett, 81 Mo. 119.] The evidence showed the law was voted on in 1906.

Whether the Township Organization Law had been legally adopted was an issue, and one of defendant's points of defense is that it was not. In this condition of case, instruction No. 1, for the state, which purported to cover the whole case and directed a verdict of guilty if the hypotheses therein set out were believed, omitted the hypothesis of the law having been adopted. This, it is claimed, was error. But the record evidence showed, prima facie, that the law was adopted, and nothing appeared to the contrary.

Defendant, however, makes the claim that there was not sufficient evidence. It being his position that a proper petition and other matters leading to the election should be shown. But we think all that is necessary for a prima facie case is to show by the record of the county court, as was done by the state, the casting up and result of the vote, with the certificate of the county clerk and judges whereby its adoption is shown. [State v. Searcy, 39 Mo. App. 393, 408; Ib., 46 Mo. App. 421; Ib., 111 Mo. 236.] That was a local option case involving the sale of intoxicating liquors, and it is there held it is sufficient to show the result of the election was in favor of the adoption of the law and that publication of the result was made. The latter essential to that law is not required by the statute (art. 1, chap. 168, R. S. 1899) authorizing the adoption of Township Organization Law.

By the provisions of the Township Organization Law (sec. 10354, R. S. 1899) the punishment for obstructing a public road is "a fine of not less than twenty dollars," while, by the general road law (sec. 9454, R. S. 1899) the punishment is "a fine of not less than five dollars nor more than one hundred dollars." The instruction on the question of punishment which was given for the state directed a punishment by "a fine of not less than twenty nor more than one hundred dollars." It does not follow either statute. But the error was in defendant's favor and is therefore no ground for reversal. The instruction should, of course, have been drawn under the terms of the township organization statute, which puts the minimum fine at twenty dollars, without limit as to the maximum. The instruction was within the statute in fixing the minimum fine, but was erroneous in putting a limit to the maximum sum. The jury assessed twenty dollars, which being the least that could be named, no harm resulted.

An examination of the record has satisfied us that the trial court properly overruled the demurrer to the

evidence. The defendant's farm land was south of and abutted on the road which he is charged with obstructing. This road was shown to have been a public highway for sixty years or more. Ordinarily it was bounded on each side by rail fences, and at first it was comparatively level between the fences. But, after years of use by the public, the actual travelled way wore off and was washed down so as to leave embankments next to the fences, of greater or less width, on either side; and between the embankments and the actual travelled way were small ditches, thus leaving a comparatively narrow track of actual travel. After being thus used for a number of years, hedges were grown by the land owners on each side, a little inside the rail fences. These were allowed to rot down and finally to disappear near thirty years ago, leaving the hedges as marking the north and south boundary of the road until defendant, who bought the land on the south in the latter part of 1906, concluded to build a post and wire fence a few feet north of the hedge on the embankment above the traveled way; and this is the obstruction for which he was convicted. There was abundant evidence to show that the public recognized the whole lane, or space between the hedge fences, as the public road, and that it was frequently worked by the public, and that frequently when the main travelled space was very muddy, the side or top of the embankment (or ridge, as called by some of the witnesses) next to defendant's hedge would be used. Considering the whole evidence, it seems to us the finding of the jury could scarcely have been otherwise than for the state. And if that in defendant's behalf were alone considered, it would have sustained a verdict of guilty. Judging by the examination of witnesses and parts of suggestions made in defendant's behalf, he seems to think the state should have been required to prove the whole road space was travelled and worked. That is a condition rarely existing with the country roads. Again, much is said of the "ridge" lying above

the actual travelled space, but that is also a common condition.

Much was said in printed and oral argument about whether the road had been dedicated or whether it had become a road by limitation. It is enough to say of this that it is quite certain that it was one or the other, and as either will suffice it is unimportant which it was. We do not agree that there was no evidence of dedication. In the circumstances shown in evidence it may very reasonably be inferred that a dedication was made.

In concluding that the state made a sufficient showing against the defendant to sustain the verdict, we have not overlooked the case of Moore v. Hawk, 57 Mo. App. 495, relied upon by defendant. The facts in the case differ so widely as to leave it without application.

The judgment must be affirmed. All concur.