STATE OF MISSOURI, Respondent, v. JOHN WAINWRIGHT, Appellant.

Springfield Court of Appeals, April 3, 1911.

1. CRIMINAL LAW: Violating Local Option Law: Information. An information, charging a violation of the Local Option Law, must allege either the facts showing that the Local Option Law had been adopted on a particular date, or allege that the law was adopted on a particular date and was in force on the day on which the offense was charged to have been committed.

2. ———: ———: ———. In a prosecution for violating the Local Option Law the information charged that on the 19th day of July, 1906, the Local Option Law had been adopted and "was and is in force." The illegal sale was alleged to have been made on August 27, 1910, and the information was filed two days later. *Held*, that the information was not worded just as it should be, but it was sufficient to show an intention to charge that the law was adopted in July, 1906, and had ever since remained in force, and was in force on the day the information was filed.

3. ————: ————: **Verdict.** The information charged that the defendant "did then and there sell, give away, barter, etc., intoxicating liquors." The instructions submitted only the question of the sale by defendant, and the jury found defendant guilty. *Held,* that the verdict was not subject to the objection of insufficiency, because it did not state whether defendant was found guilty of selling or giving away intoxicating liquors for the reason that the only issue submitted was the sale by defendant.

4. ————: **Misdemeanors: Information.** In misdemeanors the same accuracy is not required in drawing indictments or information, as is required in charging felonies.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

**AFFIRMED.**

*Orchard & Cunningham* for appellant.

(1) The information charges that on the 19th day of July, 1906, the Act of the Legislature, etc., had been adopted, and was and is in force as the law of the state, but there is no allegation that the law was in force on the 27th day of August, 1910. These allegations are necessary under the following authorities. State v. Hall, 130 Mo. App. 170; State v. Polk, 127 S. W. 933. (2) The testimony is that defendant gave Boon Weston whiskey and also sold him whisky. The question arises which did he do? And which act did the jury find him guilty of? They do not designate in their verdict, and we contend that they should do so. The Supreme Court of Missouri holds that it is not a violation of the Local Option Law to give away a drink of whiskey. State v. Funks, 207 Mo. 26. This court holds that the Local Option Law does not make it a misdemeanor to give away intoxicating liquors by a person not a dealer. State v. Polk, 127 S. W. 934.

*G. S. Sizemore* for respondent.

GRAY, J.—The defendant was convicted in the circuit court of Shannon county, of the offense of selling whiskey in violation of the Local Option Law. The cause is in this court on his appeal, and he now insists that the information is insufficient, in that it fails to charge that the Local Option Law was in force in Shannon county at the date of his alleged offense.

The information charges: "That on the 19th day of July, 1906, at the said county of Shannon, State of Missouri the Act of the Legislature of the State of Missouri, approved on the 5th day of April, 1887, commonly known as the Local Option Law, being article 3 of Chapter 22, Revised Statutes of 1899 of the State of Missouri, had been adopted and was and is in force as the law of the state, within the county of Shannon, there being no city in said county having a population of twenty-five hundred inhabitants or more, and that on or about the 27th day of August, 1910, in said county of Shannon, one John Wainwright did then and there, unlawfully, directly and indirectly, sell, gave away, barter and otherwise dispose of certain intoxicating liquor, without any legal authority so to do."

The information was filed on the 29th day of August, 1910. The rule established in this state is, that an information charging a violation of the Local Option Law must allege either the facts showing the Local Option Law had been adopted on a particular day, or allege that the law was adopted on a particular day and was in force on the day on which the offense was charged to have been committed. [State v. Hall, 130 Mo. App. 170, 108 S. W. 1077; State v. Snider, 132 S. W. 299.]

The information is not worded just as it should be. It charges that on the 19th day of July, 1906, the Local Option Law had been adopted in Shannon county, and that it was and is in force. It is alleged the offense

was committed on the 27th day of August, and the information was filed two days later.

In misdemeanors the same accuracy is not required in drawing indictments or informations as is required in charging felonies. [State v. Seiberling, 143 Mo. App. 318, 127 S. W. 106.]

We think the prosecutor intended to charge that the law was adopted on the 19th day of July, 1906, and had ever since remained in force, and was in force on the day the information was filed. If he was not relying on the law being in force at the time the information was filed, from the fact that it had been adopted in July, 1906, then all the allegations relating to the adoption of the law on the 19th day of July, 1906, were surplusage.

That the defendant so understood the language of the information is shown by the following stipulation entered into at the trial: "It is hereby stipulated and agreed by and between the prosecuting attorney and the attorneys for the defendant, that what is known as the Local Option Law had been legally adopted and was in full force and effect in Shannon county, Missouri, at the time the offense is alleged to have been committed, and was in full force and effect from that time up to and including the date of trial and if defendant was guilty of any offense he was guilty of violating the Local Option Law."

The defendant claims the verdict is insufficient because it is not stated therein whether the jury found him guilty of giving away or selling intoxicating liquors. This contention is based upon the fact that the information charges that the defendant did then and there sell, give away, barter and otherwise dispose of liquor, and the verdict of the jury is general, reading as follows: "We the jury find the defendant guilty and assess his punishment at a fine of $300." The instructions required the jury to find beyond a reasonable doubt, that the defendant sold whiskey in order to jus-

tify a verdict of guilty. There was no other issue sub-
mitted.

An examination of the record and the proceedings
show that the defendant has had a fair trial, and that
no good reason exists for disturbing the judgment, and
therefore, it will be affirmed.

· All concur.