STATE OF MISSOURI, Respondent, v. W. R. JUMP, Appellant.

Springfield Court of Appeals, January 19, 1914.

1. **VERDICT: Evidence to Support: Appellate Court Will not Disturb.** The appellate court will not disturb a verdict unless there is an absence of substantial evidence to support it, the rule in civil and criminal cases being the same in this respect.

2. **LOCAL OPTION LAW: Prosecution for Violation of: Insufficient Information.** Information examined in a prosecution for violation of the Local Option Law and considered insufficient. [ROBERTSON, P. J., dissenting.]

3. ——: **Information: Necessary Allegations as to Adoption.** An information charging a violation of the Local Option Law must allege either the particular facts which show that such law was adopted and put in force on a particular date or allege generally that such law had been adopted and was in force on the day of the alleged violation.

4. ——: **Violation of: Information: Essential Allegations.** An information charging a violation of the Local Option Law is deficient if it fails to allege when the law was adopted or that it was in force at the time of the alleged violation.

5. **CRIMINAL LAW: Offense to be Clearly Stated: No Intendments or Implications.** In criminal prosecutions everything constituting the offense must be set forth with certainty and clearness and nothing material is to be taken by intendment or implication.

6. **LOCAL OPTION LAW: Omission of Allegation as to Date of Adoption: Fatal.** The same strictness is not required in indictments and informations for misdemeanors as in those for felonies. But the omission of the allegation as to the time when the Local Option Law was adopted in a certain county is too material to be supplied by implication or intendment.

7. **CRIMINAL LAW: Identification of Accused: Certainty of.** In a criminal prosecution the accused must be identified beyond a reasonable doubt as the person who actually committed the crime. Evidence in a prosecution for violation of the Local Option Law reviewed and considered deficient in this respect. [Per FARRINGTON, J.]

8. **LOCAL OPTION LAW: Information: Objectionable Parts Stricken out.** An information should not be held defective or insufficient if enough remains to constitute it good after striking out the objectionable parts. Information in a prosecution for violation of the Local Option Law examined and considered sufficient. [Per ROBERTSON, P. J.]

Appeal from Ozark County Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*Geo. W. Boone* for appellant.

*Tesley J. Luna* for respondent.

STURGIS, J.—While the identification of defendant as the man who sold the whiskey is not as clear as it might be, yet, if that was the only question in the case, considering the somewhat unfriendly attitude of the State's witnesses and the opportunity the jury had to determine this question from hearing the witnesses, seeing and observing the defendant and the environment, we would hold that this was a question for the jury and that this court would not interfere. "It is only in case of absence of substantial evidence to sustain the verdict that this court will interfere." [State v. Mathews, 202 Mo. 143, 148, 100 S. W. 420.] The rule on appeals in criminal cases is much the same as in civil cases, that where there is any substantial evidence to sustain the verdict this court will not interfere. [State v. McGuire, 193 Mo. 215, 222, 91 S. W. 939; State v. Pipkin, 221 Mo. 543, 565, 120 S. W. 17; State v. Stuart, 116 Mo. App. 327, 330, 92 S. W. 345, and cases cited.]

We are persuaded, however, that the information in this case is not sufficient to sustain a conviction. Omitting formal parts, it is as follows: "Tesley J. Luna, Prosecuting Attorney within and for the county of Ozark and State of Missouri, under his oath of office

(based upon the information of a complaint in writing by — —), informs the court that *W. R. Jump, on or about the 24th day of December, A. D.* 1911, *at the said county of Ozark and State of Missouri, did then and there* the act of the Legislature of the State of Missouri, approved on the 5th, day of April 1887, commonly known as the Local Option Law, had been adopted and was in force as the law of the State of Missouri, within the county of Ozark, there being no city in said county having a population of twenty-five hundred inhabitants or more, and that on or about the 24th day of December 1911, in said county of Ozark, one W. R. Jump did then and there unlawfully sell intoxicating liquor, to-wit, one quart of whiskey for the price and sum of sixty-five cents, and that the said W. R. Jump, did not then and there have any license of any kind authorizing him to sell the same and that said sale was then and there made without any legal authority whatsoever to sell the same; contrary to the statute in such cases made and provided, and against the peace and dignity of the State.''

There are a long line of cases in this State holding that an information charging a violation of the Local Option Law must allege either the particular facts which show that such law was adopted and put in force on a particular date or allege generally that such law had been adopted and was in force on the day of the alleged violation. This is an essential averment to a good indictment or information and must be so definite as to leave nothing to intendment or implication. [State v. Hall, 130 Mo. App. 170, 174, 108 S. W. 1077, and cases cited; State v. Searcy, 39 Mo. App. 393; State v. Snider, 151 Mo. App. 699, 702, 132 S. W. 299; State v. Wainwright, 154 Mo. App. 653, 655, 136 S. W. 30; State v. Campbell, 137 Mo. App. 105, 108, 119 S. W. 494.]

The above information is almost meaningless as to this averment without striking out the words

printed in italics. It starts out by charging that the defendant "on or about the 24th day of December, 1911, at the said county of Ozark and State of Missouri, did then and there," but, without stating what he did, breaks off into an allegation as to the Local Option Law having been adopted in that county. It reads as if the pleader meant to charge defendant with having done something in connection with the adoption of that law.

Even if we are permitted to strike out and disregard as surplusage the words in italics, then there is no charge as to when the Local Option Law was adopted and was in force in Ozark county. It then reads that such law "had been adopted and was in force," without stating when, and that on a named date the defendant sold intoxicating liquor. It was held in State v. Hall, supra, that an indictment charging that on a certain past date the Local Option Law *had been adopted and was in force* in a certain county and that on a later date the defendant sold intoxicants in said county, is not sufficient, because it could not be determined from such averment *how long* before the date fixed for the selling such law had been adopted and was in force; and, for aught that is alleged, such law may have been adopted more than four years before the alleged sale and been repealed by a new election. [State v. Foreman, 121 Mo. App. 502, 97 S. W. 269.] So here, such law may have been adopted and put in force in Ozark county at some time and yet not have been in force at the time of the alleged sale.

It will not do to say that we can reject all the words in italics except the date and connect that with the adoption of the Local Option Law without doing violence to the language of the pleader, for it is evident that such date is only mentioned in connection with and fixing the time when the defendant did something and must perish with and be rejected as part of that surplus allegation. The same is true if we regard

as surplusage the similar allegation further down in the information as to what defendant "did then and there" except that it is there stated what defendant did.

Read this information as we will, the only date, other than that given to identify the Local Option Act, is the date of the "did then and there" of the defendant. The pleader has given no other date except the one unmistakably connected with and fixing the time of what the defendant did. This is true of this date, December 24, 1911, both in the first part of the indictment and where it is repeated later in direct connection with the "did then and there unlawfully sell intoxicating liquors, to-wit," etc. It seems to us that it would be doing greater violence to the language of the pleader to strike out as surplusage the later allegation, "and that on or about the 24th day of December, 1911, in said county of Ozark, one W. R. Jump, did then and there," for that is a part of the charge of, and directly connected with, the selling of intoxicating liquors. That breaks in two an otherwise complete sentence, severing the subject and part of the predicate with the modifying words from the balance of the sentence and then by implication connects this balance of the sentence with the former allegation of "did then and there," leaving a complete sentence and charge as to another matter inserted between the two. But even by doing that, it seems to us that the information is made no better. It still remains that the only date given is of what *defendant did* and not of the adoption of the Local Option Law.

It is argued that as only one date is given, other than the date identifying the Local Option Act, such date was evidently *intended* by the pleader to be the date on which the Local Option Act "had been adopted and was in force;" and that by clear *implication* the date on which the defendant is charged to have sold liquor is also the date on which it was *intended* to charge that

the Local Option Law had been adopted and was in force. The difficulty with this is that in criminal proceedings *nothing material is to be taken by implication or intendment.* No principle of law has been more often quoted and laid down than this. It was perhaps first formulated in these words in Hawkins Pleas of the Crown, Book 2, chap. 25, sec. 60, as is shown by a quotation therefrom in State v. Hagan, 164 Mo. 654, 659, 65 S. W. 249. The part most often quoted is "that in an indictment nothing material shall be taken by intendment or implication." A further quotation, there given, states the principle in this language: "For it being the strict rule of law in these cases to have the substance of the fact expressed with precise certainty, the judges will suffer no argumentative certainty whatsoever to induce them to dispense with it." In State v. Rector, 126 Mo. 328, 340, 23 S. W. 1074, the matter is stated thus: "In criminal prosecutions, everything constituting the offense must be set forth with certainty and clearness, nothing must be left to be implied. This is true of all felonies. Hawkins says: 'That in an indictment nothing material shall be taken by intendment or implication.' [2 Hawk. P. C., ch. 25, sec. 60.]" In State v. Evans, 128 Mo. 406, 412, 31 S. W. 34, in speaking of an indictment less faulty than this one, the judge said: "As it is, the indictment is fatally defective in that it fails to state *who* it was that was cut, struck or stabbed. In such cases nothing material must be left to intendment or implication. [2 Hawk. P. C., ch. 25, sec. 61.] In criminal prosecutions everything constituting the offense must be set forth with certainty and clearness." [See also to the same effect, State v. Furgerson, 152 Mo. 92, 97-8, 53 S. W. 427; State v. Austin, 113 Mo. 538, 21 S. W. 31; State v. Birks, 199 Mo. 263, 97 S. W. 578.] That this principle is applicable to misdemeanors as well as felonies is shown by State v. Hall, 130 Mo. App. 170, 174, 108 S. W. 1077; State v. Mc-

Fadden, 151 Mo. App. 479, 483, 132 S. W. 267; State v. Latshaw, 63 Mo. App. 496, 500.

A reading of the cases above cited will, we think, show conclusively that this information is not sufficient. This is not a case of mere faulty grammatical construction but a case of applying the date of defendant's act to the adoption of the Local Option Law by mere implication and intendment.

This case differs widely from that of State v. Snider, 151 Mo. App. 699, 132 S. W. 299. In that case the information was shown to allege that the Local Option Law was adopted in Christian county on July 13, 1905, and was and is in force at the time of filing the information on August 9, 1909, the alleged violation being on August 5, 1909. It is then shown that if such law was adopted on July 13, 1905, and was still in force on August 9, 1909, it could not possibly have been repealed by a new election between those dates and, therefore, must have been in force on August 5, 1909. Here, however, there is no date whatever alleged as to when such law was adopted in Ozark county. The only date given is that of defendant's act.

We recognize that the same strictness is not required in indictments and informations for misdemeanors as for felonies and that immaterial words may at times be supplied or omitted by intendment or implication. Such, we think, is the holding in State v. Edwards, 19 Mo. 674; State v. Cox, 43 Mo. App. 328, and State v. Matheis, 44 Mo. App. 294. We agree, however, with State v. Hall, supra, that the allegation as to the time when the Local Option Law had been adopted and was in force is so material that it cannot be left to implication or intendment.

As this is an information and may be amended, the case is reversed and remanded.

*Farrington, J.,* concurs except as to the sufficiency of the evidence to sustain a conviction, and files a

separate opinion. *Robertson, P. J.,* dissents as to the sufficiency of the information, and files a separate opinion.

## CONCURRING OPINION.

FARRINGTON, J.—I concur fully in the opinion of STURGIS, J., with reference to the information in this case. I think the result reached is correct for the further reason that there was not sufficient evidence introduced to identify the defendant as the person who committed the crime charged. Only two witnesses testified. The prosecuting witness, as I read the record, was not unfriendly to the prosecution; he was only uncertain; he was plainly in doubt and was clearly unwilling to swear positively that defendant was the man who sold him the whiskey. And this is not surprising, for he was a stranger in the town and did not know the defendant; in his language, "Defendant was a rank stranger to him at the time the sale took place." Besides, the sale occurred between ten and twelve o'clock at night in an old building dimly lighted by a lantern with a chimney smoked very black, and the opinion of the witness that defendant was the person who sold him the whiskey was based on his recollection that the seller was a man of about the "build" of the defendant. There is no evidence, and no attempt to show, that the features of the seller could be discerned by the buyer. There is some attempt to show that the weight of one Emery Jump was 140 pounds, but needless to say, this was no testimony on which to base the opinion of the witness that the "build" of the defendant, W. R. Jump, was about that of the seller. I think the case wholly lacks any substantial evidence upon which to base the uncertain opinion of the witness. The witness was not only uncertain of his opinion, but brought no corroborating circumstances to give weight to his opinion. It is my judgment that

error was committed in submitting the case to the jury upon the mere guess of the prosecuting witness. The rule still obtains that the prosecution must identify the accused as the person who actually committed the crime beyond a reasonable doubt. In the following cases which discuss the quantum of proof necessary on the question of identity of the accused, there were corroborating circumstances to support the mere opinion of the witness, for example, that the witness had seen the defendant before, or had long been acquainted with the defendant, or gave a description of the person who committed the crime and based an opinion on the resemblance of the defendant, or some other circumstances. [State v. Franke, 159 Mo. 535, 60 S. W. 1053; State v. Hopkirk, 84 Mo. l. c. 288; State v. Powers, 130 Mo. l. c. 478, 479, 32 S. W. 984; State v. Weber, 156 Mo. l. c. 256, 56 S. W. 893; State v. Hyatt, 179 Mo. 344, 78 S. W. 601; State v. Howard, 118 Mo. l. c. 140, 141, 24 S. W. 41.] In State v. Babb, 76 Mo. l. c. 504, the following language is used: "The identity of a person or thing is an inference to be drawn from a series of facts. . . . To a certain extent it rests on the opinion or judgment of the witness. For instance, if, prior to the trial in which he is summoned, he sees a person or thing and that person or thing bears a resemblance more or less striking to the person or thing with whom or with which he is familiar or acquainted, from that knowledge and that resemblance, he is enabled to say, with more or less positiveness, that the person or thing seen by him, is identical with the person or thing in question. 'Ordinarily, mere belief or persuasion, not resting on a sufficient or legal foundation, is inadmissible, but with respect to persuasion or belief based on facts within the witness' own knowledge, the case is otherwise.' " In the case of State v. Jones, 71 Mo. 591, the State made a stronger case than here, and yet the judgment was reversed because the evidence failed to identify

the defendant as the guilty person. I think, as did the Texas court (Griffith v. State, 9 Tex. App. 372), that to sustain a conviction, it must appear not only that the offense, as charged, has been committed, but that the party charged was the person who committed it, "to a degree of certainty stronger than a mere probability or a strong suspicion." I think the prosecuting attorney recognized the weakness of the State's case. Intent upon showing that defendant sold whiskey to some one during the latter part of 1911, he pressed his other witness, one Rhoton, concerning a supposed sale to him at about that time, but failed entirely. Defendant's demurrer to the evidence was overruled and he stood on the case made by the State. With no evidence that defendant was a bootlegger of established reputation and with no sufficient evidence of identification, the verdict in my opinion was clearly unsupported.

## DISSENTING OPINION.

ROBERTSON, P. J.—In the holding by Judge STURGIS as to the sufficiency of the testimony to make a prima-facie case for the State, I concur; and, while, under the holding of the majority as to the insufficiency of the information, the defendant may be again tried, upon an amended information (State v. Keating, 223 Mo. 86, 122 S. W. 699), yet I am convinced that the judgment should be affirmed.

By applying the test as to the possibility of the information being understood by the defendant (State v. Wright, 161 Mo. App. 597, 602, 144 S. W. 175), ignoring grammatical inaccuracies and rhetorical errors, as is done even in felony cases (State v. Zorn, 202 Mo. 12, 45, 100 S. W. 591), and adhering to the rule that an information should not be held defective or insufficient if enough remains to constitute it good after striking out the objectionable parts (State v. Wall, 39 Mo. 532, 534; State v. Nations, 75

Mo. 53; State v. Flint, 63 Mo. 393; State v. Estis, 70 Mo. 427; State v. Van Zant, 71 Mo. 541, and State v. Meyers, 99 Mo. 107, 12 S. W. 516), I think the information in the case at bar is good.

The uniform holding in this State appears to be that the same rigid formality and accuracy is not exacted in informations in prosecutions for misdemeanors as is required in cases of felony (State v. Hogle, 156 Mo. App. 367, 372, 137 S. W. 21; and State v. Edwards, 19 Mo. 674, 677), and the rule that nothing can be taken by intendment or implication does not prevail in cases of misdemeanor. [State v. Edwards, supra; State v. Cox, 43 Mo. App. 328, 332; State v. Mathes, 44 Mo. App. 294, 295.] The opinion in the Cox case, supra, contains the following (p. 332):

"The law never required the same particularity in indictments for misdemeanors as it did in those for felonies, and omissions even may be supplied in the former by intendment. [State v. Edwards, 19 Mo. 674.] To indictments for this class of offenses the remarks of that great and good man, Sir Matthew Hale, are particularly applicable: 'More offenders escape by the overeasy ear given to exceptions in indictments than by their own innocence, and many times . . . heinous and crying offenses escape by these unseemly niceties, to the reproach of the law, to the shame of the government and to the encouragement of villainy, and to the dishonor of God. And it were very fit that by some law this overgrown curiosity and nicety were reformed, which is now become the disease of the law, and will I fear, in time, grow mortal without some timely remedy.' [2 Hale, P. C. 193.]"

In the case of State v. Turlington, 102 Mo. 642, 651, 15 S. W. 141, where a word was improperly used in an indictment for a felony, we find the following: "It is evident that the grammatical and rhetorical construction of the indictment is much impaired by the departure, but it cannot be said that the meaning has

thereby been rendered so obscure as not to sufficiently advise the defendant of the crime of which he was charged. There is no material charge in the indictment omitted and the word needlessly and improperly inserted does not tend to prejudice the substantial rights of the defendant." The opinion in this case was at one time apparently criticised but afterwards, in State v. Wilson, 172 Mo. 420, 429, 72 S. W. 696, the opinion which criticised it was overruled and the *Wilson* case has been followed since in the cases of State v. Gregory, 178 Mo. 48, 54, 76 S. W. 970, and State v. Long, 201 Mo. 664, 674, 100 S. W. 587.

It is the duty of the court, as I understand, in construing these informations, to eliminate if possible any surplusage which will leave the information *intelligible* and *not to eliminate* such portions which will render it *unintelligible*. Taking the information as it stands and eliminating the repeated portions thereof between the words, "twenty-five hundred inhabitants or more," and the word, "unlawfully," that is, "and that on or about the 24th day of December, 1911, in said county of Ozark, one W. R. Jump did then and there," the information reads as follows:

"Tesley J. Luna, Prosecuting Attorney within and for the county of Ozark and State of Missouri, under his oath of office (based upon the information of a complaint in writing by ——), informs the court that W. R. Jump, on or about the 24th day of December, A. D. 1911, at the said county of Ozark and State of Missouri, did then and there, the act of the Legislature of the State of Missouri, approved on the 5th day of April, 1887, commonly known as the Local Option Law, had been adopted and was in force as the law of the State of Missouri, within the county of Ozark, there being no city in said county having a population of twenty-five hundred inhabitants or more, unlawfully sell intoxicating liquor, to-wit, one quart of whiskey

176 Mo. App. 20

for the price and sum of sixty-five cents, and that the said W. R. Jump, did not then and there have any license of any kind authorizing him to sell the same and that said sale was then and there made without any legal authority whatsoever to sell the same; contrary to the statute in such cases made and provided, and against the peace and dignity of the State."

Omitting all formal, qualifying and surplus portions of the information, it would read as follows: "W. R. Jump on December 24, 1911 (the Local Option Law had been adopted and was in force), unlawfully sold intoxicating liquor."

While the charge may not be grammatically correct, it clearly conveys to my mind that it alleges *directly,* and does not leave to be *implied,* that on December 24, 1911, *the Local Option Law had been adopted and was at that time in force and that the defendant on that date violated it.* The case of State v. Edwards, 19 Mo. 674, supra, is not, I think, different in principle from this case.

I have not overlooked the criticism offered by the majority that the construction I make of the information by omitting a portion "breaks in two an otherwise complete sentence, severing the subject and part of the predicate with the modifying words," etc. This criticism, I think, ignores that the pleader in the first part of the indictment charges the date of the offense and then charges parenthetically that at that time the Local Option Law had been adopted and was in force.

It appears to me that the case of State v. Hall, 130 Mo. App. 170, 108 S. W. 1077, is clearly distinguishable from the case at bar and is really an authority for upholding the information here involved. In the Hall case there was more than one date given in the indictment and nothing to show, according to the holding in that opinion, that the Local Option Law was in force on the date it was charged the offense was committed. State v. Snider, 151 Mo. App. 699, 132 S. W. 299;

State v. Wainwright, 154 Mo. App. 653, 136 S. W. 30, and State v. Feitz, 154 Mo. App. 578, 581, 136 S. W. 746, are in my opinion, authorities which, in principle, justify the holding that the information in the case at bar is good.